**PHOENIX CONSULTING, INC., Appellee,**

v.

**REPUBLIC OF ANGOLA, Appellant.**

No. 99–7032.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 27, 2000.

Decided June 16, 2000.

Daniel Wolf argued the cause and filed the briefs for appellant.

Richard S. Sternberg argued the cause and filed the brief for appellee.

Before: EDWARDS, Chief Judge, GINSBURG, and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

D.H. GINSBURG, Circuit Judge:

Phoenix Consulting sued the Republic of Angola for breach of contract, and Angola moved to dismiss the suit for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330, 1602–1611. The district court, accepting as true for purposes of the motion the plaintiff's allegation that Angola had executed a contractual waiver of immunity, denied Angola's motion. Angola appeals from the court's order.

Because Angola's motion to dismiss raised a factual challenge to the court's subject matter jurisdiction under the FSIA, the district court erred in accepting as true the jurisdictional facts alleged by the plaintiff. Instead, the court should have settled any contested jurisdictional facts necessary to decide Angola's motion to dismiss. We therefore remand the matter to the district court for further proceedings consistent with this opinion.

## I. Background

Phoenix Consulting, Inc., a United States affiliate of Phoenix Holdings, Ltd. of the United Kingdom (hereinafter collectively referred to as Phoenix), entered into an agency contract with Eduardo Neto Sangueve. Sangueve was authorized to negotiate the sale to the Republic of Angola of a prefabricated building owned by Phoenix and stored in Angola.

Sangueve proposed the sale in a meeting with Jose Anibal Rocha, Angola's Minister of Territorial Administration. The outcome of this meeting and the subsequent chain of events are disputed by the parties. Phoenix claims that Rocha, on behalf of Angola, contracted to purchase the building for $325,000 (U.S.), and that Angola had its agents remove the building from storage but never paid for it. Angola, in contrast, maintains that Rocha merely took Phoenix's proposal under consideration, and that neither he nor any other Angolan official contracted to purchase the building. Angola professes to have no knowledge of who removed the building from storage.

Phoenix filed suit in the Superior Court of the District of Columbia claiming Angola had breached its contract or, alternatively, had converted Phoenix's property or been unjustly enriched. After default judgment was entered in favor of Phoenix, Angola removed the case to the United States District Court for the District of Columbia. Angola then successfully moved the district court to vacate the default judgment and, prior to filing an answer to the complaint, moved to dismiss for, among other reasons, lack of subject matter jurisdiction under the FSIA. In response, Phoenix invoked three exceptions to immunity under the FSIA, any one of which would provide the district court with subject matter jurisdiction: waiver, 28 U.S.C. § 1605(a)(1); commercial activity, id. § 1605(a)(2); and a taking of property in violation of international law, id. § 1605(a)(3). In support of the waiver exception, Phoenix proffered evidence that Rocha, as Angola's agent, had executed a written sales contract containing a choice of law provision subjecting the contract to the jurisdiction and laws of the United

States—which, according to the legislative history of the FSIA, would by implication have waived Angola's immunity from suit. *See* H.R. Rep. No. 94–1487, at 18 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6616–17. Angola replied with Rocha's sworn declaration that the signature on the written contract was a forgery and that Angola had never agreed to any contract, much less one containing a waiver provision.

The district court denied Angola's motion to dismiss. First it held that the choice of law provision would constitute a waiver of sovereign immunity. Then, stating that "[o]n motion to dismiss, the court is to consider all allegations of jurisdictional facts in [the plaintiff's] favor," the court concluded that Phoenix's allegation that Angola had executed the written contract would, if proven, establish that Angola had waived its sovereign immunity.

Angola brings this interlocutory appeal of the district court's order pursuant to 28 U.S.C. § 1291 and the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Jungquist v. Sheikh Sultan Bin Khalifa*, 115 F.3d 1020, 1025–26 (D.C.Cir.1997); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C.Cir.1990). Upon appeal, Angola raises only the following question of law: May a district court resolve a sovereign defendant's factual challenge to the court's subject matter jurisdiction under the FSIA by accepting as true the plaintiff's allegations of jurisdictional facts?

## II. Analysis

■ Under the FSIA a foreign state is immune from the jurisdiction of both the federal and the state courts, except as provided by international agreements, *see* 28 U.S.C. § 1330(a); *id.* § 1604, by nine specifically enumerated exceptions, *see id.* § 1605(a)(1)-(7), (b), (d), and by certain other exceptions relating to counterclaims in actions brought by the foreign state itself, *see id.* § 1607. If no exception applies, a foreign sovereign's immunity under the FSIA is complete: The district court lacks subject matter jurisdiction over the plaintiff's case, *see id.* § 1330(a). Thus the sovereign has "an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *Foremost–McKesson*, 905 F.2d at 443. In order to preserve the full scope of that immunity, the district court must make the "critical preliminary determination" of its own jurisdiction as early in the litigation as possible; to defer the question is to "frustrate the significance and benefit of entitlement to immunity from suit." *Id.* at 449.

■ The FSIA establishes a specific framework for determining whether a sovereign is immune from suit and consequently whether the district court has jurisdiction. As a threshold matter, if the sovereign makes a "conscious decision to take part in the litigation," then it must assert its immunity under the FSIA either before or in its responsive pleading. *Foremost–McKesson*, 905 F.2d at 443–45. This requirement holds even though FSIA immunity is jurisdictional because failure to assert the immunity after consciously deciding to participate in the litigation may constitute an implied waiver of immunity, 28 U.S.C. § 1605(a)(1), which invests the court with subject matter jurisdiction under 28 U.S.C. § 1330(a). *See* H.R.Rep. No. 94–1487, at 18 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6616–17.*

---

* This court has not yet addressed whether and upon what facts "the intentionality requirement implicit in § 1605(a)(1)," *Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1174 (D.C.Cir.1994), might allow a sovereign defendant to claim immunity after consciously deciding to take part in the proceeding and filing a responsive pleading. *See Alpha Ther-*apeutic Corp. v. Nippon Hoso Kyokai, 199 F.3d 1078 (9th Cir.1999) (no waiver where in-house counsel of public broadcaster, unaware of pleading requirement when filing answer, raised FSIA promptly upon discovering requirement less than three months after complaint filed).

Once the defendant has asserted the jurisdictional defense of immunity under the FSIA, the court's focus shifts to the exceptions to immunity laid out in 28 U.S.C. §§ 1604, 1605, and 1607. "In accordance with the restrictive view of sovereign immunity reflected in the FSIA," the defendant bears the burden of proving that the plaintiff's allegations do not bring its case within a statutory exception to immunity. *Transamerican S.S. Corp. v. Somali Democratic Republic*, 767 F.2d 998, 1002 (D.C.Cir.1985); *see Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1171 (D.C.Cir.1994). By moving to dismiss, the defendant may challenge either the legal sufficiency or the factual underpinning of an exception, and how the district court proceeds to resolve the motion to dismiss depends upon whether the motion presents a factual challenge.

If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's factual allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the plaintiff. *See, e.g., Saudi Arabia v. Nelson*, 507 U.S. 349, 351, 361, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) (disputed allegations forming basis for suit, even if true, not "commercial activity" within meaning of exception therefor); *Princz*, 26 F.3d at 1172 (disputed allegations of use of U.S. mail and banking system, even if true, not "direct effect in the United States" of commercial activity within meaning of exception); *Foremost-McKesson*, 905 F.2d at 450 (undisputed allegations of "commercial activity" adequate to survive motion to dismiss). In some cases, however, the motion to dismiss will present a dispute over the factual basis of the court's subject matter jurisdiction under the FSIA, that is, either contest a jurisdictional fact alleged by the plaintiff, *see, e.g., Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 931–32 (2d Cir.1998) (factual dispute whether sufficient commercial activity for jurisdiction), or raise a

mixed question of law and fact, *see, e.g., Foremost-McKesson*, 905 F.2d at 448–49 (dispute whether person alleged to have harmed plaintiff was agent of sovereign). When the defendant has thus challenged the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant. Instead, the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss. *See Jungquist*, 115 F.3d at 1027–28; *Foremost-McKesson*, 905 F.2d at 448–49; *see also Filetech*, 157 F.3d at 932; *Moran v. Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *Gould v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir.1988); *cf. Herbert v. National Academy of Sciences*, 974 F.2d 192, 197–98 (D.C.Cir.1992) (affirming district court's resolution of disputed facts necessary for subject matter jurisdiction under Copyright Act). The district court retains "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction," but it must give the plaintiff "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Prakash v. American University*, 727 F.2d 1174, 1179–80 (D.C.Cir.1984). In order to avoid burdening a sovereign that proves to be immune from suit, however, jurisdictional discovery should be carefully controlled and limited, *see Foremost-McKesson*, 905 F.2d at 449; it should not be authorized at all if the defendant raises either a different jurisdictional or an "other non-merits ground[ ] such as forum non conveniens [or] personal jurisdiction" the resolution of which would impose a lesser burden upon the defendant, *In re Papandreou*, 139 F.3d 247, 254–55 (D.C.Cir.1998).

With these principles in mind, we see that in ruling upon Angola's motion to dismiss the district court erred by assuming the truth of an allegation of jurisdictional fact contested by the defendant.

When Angola asserted immunity under the FSIA, Phoenix invoked the waiver exception thereto and presented evidence that Angola had executed a written contract waiving its immunity under the FSIA. Angola responded with a challenge to the facts upon which Phoenix relied for the waiver exception: It presented evidence that the written contract was a forgery and that it had never agreed to waive its immunity from suit. The district court was required to resolve this factual dispute material to its subject matter jurisdiction; and in order to preserve the significance and benefit of a foreign sovereign's immunity from suit under the FSIA, the court could not "postpon[e] the determination of subject matter jurisdiction until some point during or after trial." *Gould,* 853 F.2d at 451. We therefore remand this matter to the district court for further consideration whether it has subject matter jurisdiction under the FSIA.

### III. Conclusion

For the foregoing reasons, the order of the district court is reversed in part and the case remanded for further proceedings consistent with this opinion.

*So ordered.*