Cynthia ARTIS, et al., Plaintiffs,

v.

Alan GREENSPAN, Defendant.

Nos. CIV.A. 99–2073(EGS),
CIV.A. 01–0400(EGS).

United States District Court,
District of Columbia.

Sept. 25, 2002.

Walter Theodore Charlton, Walter T. Charlston & Assocs., Annapolis, MD.

Kenneth M. Willner, Paul, Hastings, Janofsky & Walker, L.L.P., Washington, DC.

John L. Kuray, Board of Governors of Federal Reserve System Legal Div., Washington, DC.

## MEMORANDUM OPINION
## AND ORDER

SULLIVAN, District Judge.

Plaintiffs have filed a class action complaint for racial discrimination in employment against Alan Greenspan in his official capacity as the Chairman of the Board of Governors of the Federal Reserve System ("Board").

Defendant moves pursuant to Fed. R.Civ.P. 12(b)(1) and (6) to dismiss plaintiffs' five-count complaint. Defendant argues that all of the counts in plaintiffs' second amended complaint are subject to dismissal because plaintiffs have failed to exhaust their administrative remedies and, therefore, this Court is without jurisdiction over plaintiffs' claims. Specifically, defendant contends that plaintiffs failed to provide Board Equal Employment Opportunity ("EEO") counselors with specific and detailed information regarding the claims of racial discrimination.

For the following reasons, the Court denies defendant's motion to dismiss without prejudice and orders the parties to submit a discovery plan that would permit the parties to conduct limited jurisdictional discovery on the issue of plaintiffs' exhaustion of administrative remedies.

## I. Procedural History

Plaintiffs are sixteen secretaries employed or formerly employed by defendant Board. Pending before the Court is defendant's second amended complaint. Four of the plaintiffs were plaintiffs in a previously filed lawsuit, *Artis v. Greenspan*, Civ. Action No. 96–2105 ("*Artis I*").

An administrative complaint in *Artis I* was filed March 1995 as a putative class action. *See Artis v. Greenspan*, 158 F.3d 1301, 1303 (D.C.Cir.1998). The complaint was amended to assert claims on behalf of "all African–American secretaries at the Board," and not just those within the Legal Division. The Board found that the amended complaint impermissibly expanded the class to include members whose claims had not been discussed at the counseling stage. The EEOC administrative judge assigned to decide whether the case should proceed as a class action remanded the case to the Board for further EEO counseling. The plaintiffs, however, did not cooperate with EEO counselors. The Board then dismissed *Artis I* plaintiffs' administrative complaint in June 1996, in part because the events at issue had "not been the subject of counseling as required under the EEO rules." 158 F.3d at 1307 (quoting Board's final agency action).

Following the dismissal of their complaint at the administrative stage, *Artis I* plaintiffs filed a complaint in this Court. *See Artis*, Civ. Action 96–2105. The Board moved to dismiss the complaint for failure to exhaust administrative remedies. This Court held that the plaintiffs had not exhausted their administrative remedies, finding that the plaintiffs had "declined to cooperate with the Board." 158 F.3d at 1307. The D.C. Circuit upheld the dismissal of the case. *See Artis I*, 158 F.3d 1301.

After the Board filed its motion to dismiss in the *Artis I* district court proceedings, plaintiffs requested to meet with a Board EEO counselor. Plaintiffs met with Board counselors twice, once on January 15, 1997, and again on February 13, 1997. When plaintiffs attempted to cite their 1997 counseling in opposition to the motion to dismiss in *Artis I*, this Court held that any counseling efforts that occurred after

the Board's dismissal of the *Artis I* administrative case were irrelevant to the question of the Court's jurisdiction.

The nineteen plaintiffs who are parties to this lawsuit filed an agency-wide class-action discrimination complaint with the Board on March 3, 1997. *See* Opp'n, Ex. B34. Plaintiffs' Second Amended Complaint alleges that plaintiffs filed a formal complaint with the EEOC on April 4, 1997. Sec. Am. Compl. ¶ 49. Indeed, a copy of an August 10, 2000 decision by the EEOC attached to plaintiffs' opposition memorandum suggests that the administrative class-action complaint was the subject of an EEOC hearing request. *See* Opp'n, Ex. Cl. The August 10, 2000 decision recounts that, on June 11, 1997, the Acting Director of the Washington field office dismissed the complaint because of the pendency of *Artis I,* and remanded the file to the agency for proper disposition. *Id.* The August 10, 2000 decision reinstated the administrative proceedings, noting that *Artis I* had been resolved. *Id.*

However, on December 18, 2000, Administrative Law Judge Kathryn Brown dismissed the administrative proceedings because of the pendency of the instant lawsuit. *See* Opp'n Ex. C2. Judge Brown's order stated that the complainants could not directly appeal to the Commission from her decision. Rather, in accordance with EEOC regulations, the agency was required to take final agency action within forty days of receipt of her order of dismissal. Upon final agency action, the complainants would have thirty days to appeal to the EEOC.

The Board issued a notice of final agency action on January 30, 2001. The Board's decision found that only class-wide claims had been raised. The decision informed plaintiffs that a class agent could appeal to a District Court: (1) within 90 days if the agent did not seek an appeal to the EEOC; (2) 90 days after receipt of a decision on an appeal to the EEOC; or (3) 180 days after filing of an appeal if the EEOC failed to issue a decision. The plaintiffs apparently did not file an appeal to the EEOC. Accordingly, the class agents had 90 days from January 30, 2001 to file a law suit in District Court.

The first complaint in this case was filed on August 3, 1999. An amended complaint was filed on August 7, 2000, three days before the administrative proceedings were reinstated. On February 22, 2001, plaintiffs filed a new civil action, Civil Action No. 01–400. The Court subsequently consolidated Civil Action No. 01–400 with the instant law suit, and ordered plaintiffs to file the complaint from Civil Action 01–400 as the second amended complaint in this case. The second amended complaint was filed on August 21, 2002.

Plaintiffs' amended complaint asserts five counts. Count I alleges that defendant maintains a discriminatory system of promotions, advancements, salary increases and a racially segregated management structure in violation of Title VII of the Civil Rights Act of 1969 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Sec. Am. Compl. ¶¶ 62–64. Count II alleges intentional obstruction of complainants' access to a fair and effective means of asserting EEO complaints in violation of Title VII, as well as the Board's own regulations. *Id.* ¶¶ 65–72. Count III avers that defendant retaliated against plaintiffs by failing to process their EEO complaints, in violation of Title VII. *Id.* ¶ 73. Counts IV and V assert claims of obstruction of justice by the defendant's alleged material misrepresentations in court proceedings, intimidation of plaintiffs and elimination of class representatives. Plaintiffs state that Count IV arises under "42 U.S.C. § 1983 et seq [sic] as incorporated into Title VII," and Count V alleges a policy that violates Title VII. *Id.* ¶¶ 75, 77.

## II. Analysis

### A. Standard of Review

▆▆▆▆ Defendant maintains that this Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims and moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). It is well settled that federal employees must exhaust their administrative remedies prior to bringing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. *See, e.g., Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Artis I,* 158 F.3d at 1302 (affirming dismissal pursuant to Fed.R.Civ.P. 12(b)(1)). Thus, the defendant properly raises the issue of exhaustion in a motion to dismiss pursuant to Fed.R.Civ.P. b(1).

A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, . . . the court may inquire, by affidavits or otherwise, into the facts as they exist.").

Defendant also moves to dismiss Counts II, III, IV and V for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).[1] Fed.R.Civ.P. 8(a)(2) requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Sparrow v. United Air Lines, Inc.,* the D.C. Circuit held that, in an employment discrimination case, "plaintiff need not set forth the elements of a prima facie case at the initial pleading stage". 216 F.3d 1111, 1111 (D.C.Cir. 2000). The Court will not grant a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). Accordingly, at this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations, and draws all reasonable inferences in favor of plaintiffs. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kowal,* 16 F.3d at 1276. However, the movant is entitled to judgment if there are no allegations in the complaint which, even if proven would provide a basis for recovery. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (1987).

### B. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiffs bring all of their claims pursuant to Title VII, including those counts that allege violations in the processing of EEO complaints and alleged "obstruction of justice." *See* Sec. Am. Compl. ¶¶ 75, 77. A federal employee alleging conduct in violation of Title VII "must initiate contact with a Counselor within 45 days of the date of matter alleged to be discriminatory

---

1. The Federal Rules of Civil Procedure provide that, if, on a "motion ... to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." Fed.R.Civ.P. 12(b). Here, defendant has attached numerous exhibits to its motion. However, the Court considers these exhibits only with respect to defendant's motion to dismiss for lack of subject matter jurisdiction, and, accordingly, does not convert the motion to one for summary judgment.

or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (2002). Unless the aggrieved person agrees to a longer counseling period, or the agency has established a dispute resolution procedure, the EEO counselor is required to conduct the final interview within 30 days of the date the aggrieved person brought the matter to the Counselor's attention. *Id.* § 1614.105(d).

A person has 15 days from the date of formal notice from the EEO counselor in which to file a formal complaint with the agency and seek a hearing. *Id.* If a party desires to appeal to the EEOC, such appeal must be taken within 30 days of the complainant's receipt of the dismissal or final decision. 29 C.F.R. § 1614.402(a). A party must file a civil action within 90 days of notice of final agency action if there is no appeal to the EEOC, or within 90 days of final EEOC action. 42 U.S.C. § 2000e–16(c). If a party has not filed an appeal to the EEOC and a final agency decision has not been issued, she may file a civil action after 180 days from the date of filing. *Id.* Similarly, a party may file a civil action if she has appealed to the EEOC and no final decision has been made 180 days later. *Id.*

Plaintiffs argue that they have exhausted their administrative remedies because they attended counseling sessions, filed an administrative complaint and then appealed to the EEOC. They contend that the ALJ's letter dismissing the case constitutes a right to sue letter. This is clearly not the case, as the ALJ's letter explicitly states that it is not a right to sue letter, and that the complainants may file a civil action only after the Board took final agency action. However, after the final agency action on January 30, 2001, plaintiffs had the right to file a lawsuit in this Court within 90 days of the Board's decision. The complaint in Civil Action 01–400 was filed in February 2001, thus falling within the required time for filing.

Defendant does not argue that plaintiffs have failed to exhaust their obligations to file administrative complaints. The Court nevertheless notes that the fact that the only administrative decisions and EEOC decisions, which have been issued on plaintiffs' administrative complaints, have dismissed plaintiffs' claims because of the pendency of civil lawsuits,[2] means that neither the Board nor the EEOC has evaluated the merits of plaintiffs' claims. However, to the extent that no final agency decision has been made on plaintiffs' administrative complaint within 180 days of its filing on March 3, 1997, the case may be properly filed in this Court. *See* 42 U.S.C. § 2000e–16(c).

Defendant's argument that plaintiffs have failed to exhaust their administrative remedies rests solely on their contention that plaintiffs have not engaged in the requisite counseling. *See* Mot. to Dismiss, at 16–30. Defendant maintains that plaintiffs have not cooperated with the Board's EEO counselors. According to defendant, plaintiffs failed to provide information requested by Board counselors. The Board relies on letters from William Bransford, a private attorney hired to give advice to the Board on processing EEO complaints, and reports of the Board's EEO counselors to support its claim that plaintiffs were unresponsive to the counselor's requests for information and were generally uncooperative.

However, plaintiffs allege that at one of the 1997 group counseling sessions counselor Rosemarie Nelson stated that she

---

2.  The Court notes that the ALJ's decision to dismiss the case was clearly in accordance with the EEOC's regulations, which mandate that agency proceedings be dismissed which are the subject of a pending civil action. *See* 29 C.F.R. § 1614.107(a)(3).

had been instructed not to engage in counseling on any of plaintiffs' allegations of a discriminatory pattern and practice of racial discrimination. *See* Opp'n at 13. Plaintiffs further rely on an affidavit of Ms. Nelsen submitted in *Logan v. Greenspan*, Civ. Action No. 98–0049. *See* Pl.'s 12/6/99 Opp'n, Ex. 11. In that affidavit, Ms. Nelson details numerous Board policies and practices that she alleges intentionally discourage individuals from pursuing EEO complaints. Specifically, Ms. Nelson avers that she was told to not counsel the group as a group, but rather to require plaintiffs to file individual complaints. *Id.* at 14. She states that the Board's EEO Programs Director, Sheila Clark, explained that "she wanted the group to file individually because then the complaints could then be dismissed as untimely." *Id.* at 15. Ms. Nelson further describes actions and directives of Ms. Clark that she believes violated agency regulations governing the counseling process.

■ While the parties have attached a significant number of documents to their pleadings, the Court is mindful that the parties have not engaged in any formal discovery. Where a defendant has challenged "only the legal sufficiency of the plaintiff's jurisdictional allegations," the Court must take the plaintiff's factual allegations as true in determining whether subject matter jurisdiction is appropriate. *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C.Cir.2000). However, where the defendant submits materials outside the pleadings to support its motion to dismiss for lack of subject matter jurisdiction, the Court must consider whether the motion "present[s] a dispute over the factual basis of the court's subject matter jurisdiction...." *Id.* (discussing presence of jurisdictional facts for a claim under the Foreign Sovereign Immunities Act). In such a case, "[t]he district court retains 'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction,' but it must give the plaintiff 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'" *Id.* (quoting *Prakash v. American Univ.*, 727 F.2d 1174, 1179–80 (D.C.Cir.1984)). However, the D.C. Circuit has cautioned that such jurisdictional discovery should be "carefully controlled and limited," and should first consider other "jurisdictional" or "non-merits" grounds, to the extent that they may dispose of the case without imposing the burden of jurisdictional discovery. *Id.* (citing *In re Papandreou*, 139 F.3d 247, 254–55 (D.C.Cir.1998)).

■ In *Artis I*, the D.C. Circuit held that, in order to exhaust administrative remedies, "[c]laims must be brought to the EEO Counselor in a manner that lends itself to potential resolution.... [P]roviding the agency with bare 'notice' of the basis of a complaint during the counseling stage is not enough." 158 F.3d at 1306. Several courts have held that good faith cooperation in the administrative process is a prerequisite to a finding that a plaintiff has exhausted administrative remedies. *See, e.g., Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762 (9th Cir.1991); *Wade v. Sct'y of the Army*, 796 F.2d 1369, 1377 (11th Cir.1986).

Here, plaintiffs have proffered evidence to support their contention that the Board counseling sessions are being used as a means of preventing plaintiffs from instituting a civil action in a federal district court. Some courts have recognized that, where a plaintiff can show that pursuit of administrative remedies would be futile, exhaustion requirements may be relaxed. A plaintiff may be excused from exhausting administrative remedies if she presents "'[o]bjective and undisputed evidence of administrative bias [that] would render pursuit of an administrative remedy fu-

tile.'" *Anderson v. Babbitt*, 230 F.3d 1158, 1164 (9th Cir.2000) (quoting *Joint Bd. of Control of Flathead, Mission & Jocko Irrigation Districts v. United States*, 862 F.2d 195, 200 (9th Cir.1988)); *cf. Kizas v. Webster*, 707 F.2d 524, 544 (D.C.Cir.1983) (declining to find that a "futility doctrine [could] be stretched to sanction court adjudication of a Title VII action when no party to the action has ever filed an initial charge with the agency").

In *Sizova v. National Institute of Standards and Technology*, the Tenth Circuit remanded a case to the district court for jurisdictional discovery because the federal employee plaintiff and her defendant employer disputed the outcome of plaintiff's EEO counseling. *See*, 282 F.3d 1320, 1324–28 (10th Cir.2002). The court was "troubled" by factual disputes regarding the circumstances of the plaintiff's attempt to file an informal complaint with the EEO counselor, as well as disputes regarding the content of the counseling. *Id.* at 1327. The Tenth Circuit concluded that the question of the district court's subject matter jurisdiction was "decided prematurely," and that "further factual development" of the issues surrounding plaintiff's EEO counseling was necessary. *Id.* at 1328.

This Court is also troubled by the factual disputes surrounding the 1997 EEO counseling session that occurred in this case. The Court finds that it is appropriate to permit plaintiffs to conduct some limited jurisdictional discovery. This discovery should concentrate on any EEO counseling that was conducted with individual plaintiffs in 1997, and the two group sessions held in January and February 1997. Relevant inquiries may focus on the content of the actual sessions, any follow-up communication between the parties, and Board policy or practices that would support a conclusion that the administrative counseling process was a futile exercise.

The Court is cognizant of defendant's position that Counts II–V have never been the subject of any counseling sessions, and must therefore be dismissed. *See* Mot. to Dismiss, at 30. However, this argument is better addressed by the Court at such time as the parties have engaged in limited jurisdictional discovery.

Accordingly, the Court will permit the parties to engage in discovery on the extremely narrow issue of whether plaintiffs have satisfied their obligation to engage in counseling at the administrative level and have thus exhausted their administrative remedies. This discovery may touch on the content of any counseling sessions, the parties' responses to each other's requests for information, and the alleged futility of the administrative counseling process.

**C. Defendant's Motion to Dismiss for Failure to State a Claim and on Statute of Limitations Grounds**

■ As discussed above, the D.C. Circuit has instructed the district courts to consider whether other jurisdictional or "non-merits" grounds for dismissing a case exist before ordering jurisdictional discovery. *Phoenix Consulting, Inc.*, 216 F.3d at 40. These other bases for decision are limited in scope by the Court's obligation to determine that it has subject matter jurisdiction of a party's claims before determining the merits of those claims. Defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6), as well as its argument that some of plaintiffs' claims are barred by the statute of limitations, would require the Court to examine the merits of plaintiffs' claims before assuring itself that it properly has subject matter jurisdiction over plaintiffs' claims.

Defendant argues that Counts II, III, IV and V do not state cognizable legal claims because Title VII does not create

an independent cause of action for the mishandling of discrimination complaints, and because no private cause of action exists for "obstruction of justice." However, plaintiffs' second amended complaint alleges that all four counts arise under Title VII. Thus, the claims are subject to Title VII's exhaustion requirements. Therefore, the Court will not now consider defendant's arguments that plaintiffs' claims either fail to state a claim or are barred by the statute of limitations. The Court will, however, entertain these arguments at such time as it is convinced that it may properly exercise jurisdiction over plaintiff's Title VII claims.

### CONCLUSION

Accordingly, upon careful consideration of defendant's motion to dismiss plaintiffs' second amended complaint, the opposition and response thereto, the entire record herein, and the applicable statutory and case law, it is hereby

**ORDERED** that defendant's motion to dismiss [63–1] is **DENIED** without prejudice subject to reconsideration at such time as the parties have conducted limited jurisdictional discovery; and it is

**FURTHER ORDERED** that plaintiff and defendant shall meet and confer pursuant to Local Civil Rule 16.3 and shall file a proposed jurisdictional discovery plan with the Court by no later than **October 21, 2002**; and it is

**FURTHER ORDERED** that a status hearing is scheduled in this matter for November 5, 2002 at 10:00 a.m. in Courtroom One; and it is

**FURTHER ORDERED** that plaintiffs' motion for a status call, for an initial scheduling order, to vacate the stay on discovery and to certify the class [70] is **DENIED** without prejudice in light of this Memorandum Opinion and Order; and it is

**FURTHER ORDERED** that Civil Action 99–2073 shall remain consolidated with Civil Action No. 01–400 pursuant to this Court's August 15, 2001 Order, but that from this date forward, all filings in these consolidated cases shall be labeled with and docketed under the Civil Action No. 01–400. The Clerk of the Court is directed to administratively close Civil Action No. 99–2073.

**IT IS SO ORDERED.**