Mary Nell WYATT et al., Plaintiffs,

v.

SYRIAN ARAB REPUBLIC
et al., Defendants.

No. CIV.A.01–1628(RMU).

United States District Court,
District of Columbia.

Nov. 2, 2004.

David Jacob Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, for Plaintiffs.

Abdeen M. Jabara, New York, NY, Maher Hanna Hanania, Hanania, Kheder & Nawash, Falls Church, VA, for Defendants.

### MEMORANDUM ORDER

GRANTING THE PLAINTIFFS' MOTION
TO COMPEL JURISDICTIONAL
DISCOVERY

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on the plaintiffs' motion to compel jurisdictional discovery. The plaintiffs filed their second amended complaint on March 18, 2004, seeking damages for personal injury and related torts committed in 1991 when terrorists belonging to the Kurdistan Workers Party ("PKK") abducted and held certain of the plaintiffs hostage.2d Am. Compl. ("Compl.") ¶ 1. The plaintiffs list as defendants the Syrian Arabic Republic, its agents, and the PKK. *Id.* For jurisdiction over Syria and its agents, the plaintiffs allege that because Syria, among others, "provided material support

and resources" to the PKK for hostage-taking and extrajudicial killing, Syria waived its immunity pursuant to 28 U.S.C. § 1607. Compl. ¶¶ 34–35. The plaintiffs now seek discovery concerning Syria's alleged provision of material support to the PKK, arguing that the defendants motion to dismiss makes a factual challenge to the existence of such support (and thus a challenge to the factual basis of subject-matter jurisdiction). Pls.' Mot. Ju. Disc. ("Pls.'s Mot") at 5. The defendants respond that they have not made a factual challenge to subject-matter jurisdiction and that dismissal for lack of subject-matter jurisdiction is warranted as a matter of law. Defs.' Opp'n to Pls.' Mot. ("Defs.' Opp'n") at 1–2. For the reasons that follow, the court agrees with the plaintiffs that the defendants challenge the factual basis of the court's jurisdiction and that limited discovery as outlined below is warranted.

## II.  ANALYSIS

■ There is no doubt that jurisdictional discovery is permissible in cases where the defendant challenges the factual basis of the court's subject-matter jurisdiction. *E.g., Phoenix Consulting v. Republic of Angola,* 216 F.3d 36, 40 (D.C.Cir.2000). The question here, however, is whether, as the plaintiffs allege, the defendants have brought such a challenge, or if, as the defendants argue, the complaint is deficient on its face and discovery cannot save it. To answer this question, it is useful to understand the nature of the plaintiffs' allegations against Syria and its agents and what the plaintiffs need to establish as a threshold showing to keep their case in court.

### A.  Background

The plaintiffs allege as follows. On August 30, 1991, several of the plaintiffs (Ronald E. Wyatt and Marvin T. Wilson) were traveling in a van in Turkey when they "were stopped and surrounded by approximately ten vehicles commanded by the PKK." Compl. ¶ 20. The PKK entered the van, removed the plaintiffs at gunpoint, and eventually held Wyatt and Wilson for twenty-one days in Eastern Turkey. *Id.* ¶¶ 21–22. The PKK forced Wyatt and Wilson to

march for up to eleven hours at a time and made [them] live outdoors exposed to the elements without food, shelter, or clothing ... denied [Wyatt and Wilson] medical care, the ability to communicate with their families or the outside world, subjected [them] to indoctrination and brainwashing attempts and ... otherwise mistreated [them].

*Id.* ¶ 22.

The PKK and Syria "intended" the hostage-taking to (a) harm Turkish tourism; (b) embarrass the Turkish government; and (c) "utilize Wyatt and Wilson (and the other non-party hostages) as human bait to lure Turkish rescue personnel into ambushes in order to kill them." Compl. ¶ 23. The PKK placed certain demands and conditions on the release of Wyatt and Wilson; the PKK made these demands and conditions to "outside parties," including governments of the United States, Britain, Australia, and Turkey. *Id.* ¶ 23. Specifically, the PKK demanded that: (a) the United States terminate its financial and military support of Turkey; (b) the United States, Britain, Australia and Turkey support an independent Kurdish state; (c) the international community recognize the PKK's right to control portions of Turkish territory; (d) the Turkish government provide increased civil rights to Kurds. *Id.*

The plaintiffs further allege that

[a]t all times relevant to this complaint and for at least a decade prior to the abduction of plaintiffs, Syria routinely provided financial, technical, logistical and other material support and resources to the PKK for the express purpose of causing and facilitating the commission of terrorist acts, including acts of extrajudicial killing and hostage-taking.

*Id.* ¶ 28. As examples of this support, the plaintiffs cite Syria's (a) assistance and participation in hostage-taking (including the hostage-taking of Wyatt and Wilson); (b) supply of weapons, ammunition, and false passports to the PKK; (c) establishment and maintenance of the PKK headquarters and offices in Syria; (d) provision of a safe haven and shelter in Syria to senior PKK com-

manders; (e) establishment and maintenance of various PKK training and military bases; (f) provision of military and terrorist training to PKK members; (g) establishment and maintenance of PKK's logistical infrastructure in Syria. *Id.* ¶ 29.

## B. Sovereign Immunity and the Terrorism Exception

■ Having set forth the basic contours of the plaintiffs' complaint, the court proceeds to discuss the nature of the court's alleged subject-matter jurisdiction. Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq.* (2000), federal courts lack subject-matter jurisdiction over lawsuits against foreign sovereigns unless a congressionally-enacted exception to sovereign immunity applies. *Cicippio–Puleo v. Islamic Republic of Iran,* 353 F.3d 1024, 1028 (D.C.Cir.2004); *Simpson v. Socialist People's Libyan Arab Jamahiriya,* 326 F.3d 230, 233 (D.C.Cir.2003). Section 1605(a) of the FSIA lists the exceptions to sovereign immunity. 28 U.S.C. § 1605(a). The Antiterrorism and Effective Death Penalty Act amended section 1605(a) to create an exception to sovereign immunity known as the "terrorism exception." *Simpson,* 326 F.3d at 233. Under this exception, federal courts have subject-matter jurisdiction when:

> money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency[.]

28 U.S.C. § 1605(a)(7); *Cicippio–Puleo,* 353 F.3d at 1028.

## C. The Defendants' Motion to Dismiss

Although the plaintiffs propose to submit a discovery plan should the court rule in their favor, Pls.' Mot at 1, it is clear from the plaintiffs' motion for discovery that the plaintiffs confine their discovery request to information concerning Syria's and other defendants' alleged provision of material support and resources to the PKK. *Id.* at 4. The court limits its analysis accordingly.

■ If a defendant challenges the factual [1] basis of the court's jurisdiction, the court may not simply assume the truth of the facts alleged by the plaintiff. *Phoenix Consulting,* 216 F.3d at 40. Instead, the court must resolve any disputed issues of fact, the resolution of which is necessary to a ruling on the motion to dismiss. *Id.* The court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction," but it must give the plaintiff "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Id.* (quoting *Prakash v. American University,* 727 F.2d 1174, 1179–80 (D.C.Cir. 1984)). To avoid burdening a foreign sovereign that might be immune from suit, however, the court should carefully control and limit jurisdictional discovery. *Id.*

■ In this case, the provision of material support and resources is undoubtedly an element of subject-matter jurisdiction. 28 U.S.C. § 1605(a)(7). The plaintiffs argue that a section of the defendants' motion to dismiss concerning due process presents a challenge to the factual basis of the court's jurisdiction. Pls.' Mot. at 5. That section states that a State Department assessment of global terrorism

> casts serious doubt on the accuracy of the extravagant claim in the complaint of support furnished to the PKK by Syria in 1991, see paragraphs 25 and 26, and reinforces the complaint's fatal deficiency in failing to allege or show any connection between the support that was allegedly furnished by Syria to the PKK and the events in 1991 that are the subject of this action.

Defs.' Mot. to Dismiss at 8.

The defendants respond that their discussion was in the context of personal jurisdiction. Defs.' Opp'n at 3. If the defendants'

---

1. In addition to a purely factual challenge, a defendant may "raise a mixed question of law and fact." *Phoenix Consulting,* 216 F.3d at 40 (citing *Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 448–49 (D.C.Cir. 1990) (discussing a dispute over whether a person alleged to have harmed the plaintiff was an agent of the sovereign)).

argument stopped there, the court might be less inclined to move forward with discovery. But the defendants also maintain that "the complaint's allegations of support are so extreme and exaggerated as to be implausible on their face and as a matter of common sense." *Id.* at 1–2. In other words, the defendants believe that the plaintiffs' allegations are so factually deficient as to move the allegations beyond the realm of factual dispute and into implausibility. Although the defendants make clear they have other arguments for dismissing the plaintiffs' complaint, they leave no doubt that the court will be returning to the issue of material support. Because material support will remain an issue, and because the plaintiffs have made at least a colorable claim that the defendants provided this support, the court will not allow the defendants to escape discovery simply by claiming that a disputed fact is *so* disputed that it is no longer really a fact at all. *See Phoenix Consulting,* 216 F.3d at 40. The court therefore grants the plaintiffs' motion for discovery.

For all these reasons, it is this 2nd day of November, 2004,

**ORDERED** that the plaintiffs' motion to compel discovery is **GRANTED**; and it is

**FURTHER ORDERED** that the parties shall submit a **joint jurisdictional discovery plan** on or before December 6, 2004; and it is

**FURTHER ORDERED** that the jurisdictional discovery plan contain a proposed briefing schedule for the plaintiffs' opposition to the defendants' motion to dismiss and the defendants reply thereto (and any other motions or events); and it is

**FURTHER ORDERED** that the parties take note of this court's standing order, which indicates that, if the court is forced to adjudicate discovery disputes once the discovery process begins, the court **WILL IMPOSE COSTS** on the party and/or counsel of the party that fails to prevail on the discovery dispute.

**SO ORDERED.**