**Amarjeet KAUR and Balwinder Singh Malhi, Appellants**

v.

**Micheal CHERTOFF, Secretary, Department of Homeland Security, et al., Appellees.**

No. 07–5217.

United States Court of Appeals, District of Columbia Circuit.

Sept. 23, 2008.

Paul Shearman Allen, Paul Shearman Allen & Associates, Washington, DC, for Appellants.

R. Craig Lawrence, Assistant U.S. Attorney, Peter S. Smith, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

***JUDGMENT***

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. Upon consideration of the foregoing, it is

**ORDERED** that the case be remanded to the district court.

An alien who entered the United States illegally may apply to the Attorney General for an adjustment of status if he is classified as the relative or spouse of a lawful resident based on a petition filed before April 30, 2001. 8 U.S.C. § 1255(i)(1)(B)(i). On April 28, 2001, Amarjeet Kaur filed a Form I–130 Petition for Alien Relative ("I–130 petition") with the United States Citizenship and Immigration Services ("USCIS") on behalf of her husband, Balwinder Singh Malhi, who entered the United States illegally in 1996. The USCIS did not process the application, and Kaur filed a second I–130 petition on February 22, 2005. In April 2006, Kaur and Malhi brought this action against various individuals in their capacities as officials of the USCIS and the United States Department of Homeland Security, seeking a writ of mandamus compelling the adjudication of the original I–130 petition.

On July 10, 2006, while the case was still pending before the district court, the USCIS issued a Notice of Approval of Kaur's I–130 petition. The Notice did not state which of Kaur's I–130 petitions had been approved. The cover page indicated that the approved petition had been filed in 2005, yet the original April 28, 2001, petition was attached and stamped "Approved."

Kaur now requests this court to order the USCIS to adjudicate her April 28, 2001, petition, apparently on the assumption that it has not already done so. This minimal remedy is the only relief sought in this case.

The parties dispute whether the USCIS has already approved Kaur's original, April 28, 2001, request, rendering this case moot, or whether it only approved her 2005 request. If this case is moot, we are barred from reviewing it under Article III's case or controversy requirement and therefore lack subject matter jurisdiction. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). When a defendant challenges the factual basis of jurisdiction, the district court "must resolve any disputed issues of fact" necessary to determine jurisdiction. *Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C.Cir.2000). The district

court has not yet ruled on this issue, apparently because neither party addressed it in their pleadings. We therefore remand to the district court to determine whether the USCIS has approved Kaur's April 28, 2001, I–130 form, rendering her claim moot. *See id.*; *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179–80, 1183 (D.C.Cir.1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.