# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 16, 2017        Decided January 12, 2018

No. 17-5009

LYNN FELDMAN, AS CHAPTER 7 TRUSTEE OF THE ESTATES OF IMAGE MASTERS, INC., OPFM, INC., D/B/A PERSONAL FINANCIAL MANAGEMENT, INC., MORTGAGE ASSISTANCE PROFESSIONALS, INC., MORTGAGE ASSISTANCE PROFESSIONALS, INC. II, DISCOVERED TREASURERS, INC., AND DIVIDIT, INC.,
APPELLANT

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR BOTH INDYMAC BANK, FSB AND WASHINGTON MUTUAL BANK,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-02152)

———

*David M. DeVito* argued the cause and filed the briefs for appellant.

*Michelle Ognibene*, Counsel, Federal Deposit Insurance Corporation, argued the cause for appellee FDIC. With her on the brief were *Colleen J. Boles*, Assistant General Counsel, and *Kathryn R. Norcross*, Senior Counsel.

Before: ROGERS and TATEL, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This is an appeal from the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we reverse.

**I.**

The Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA") governs the disposition by the Federal Deposit Insurance Corporation ("FDIC") of claims against failed banks for which it is acting as receiver. As to any creditor "shown on the [bank's] books" or "upon discovery of the name and address of a claimant not appearing," the FDIC is required to mail notice of the deadline – the "bar date" – for filing claims. 12 U.S.C. § 1821(d)(3)(C). Late-filed claims are allowed where "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date" and "such claim is filed in time to permit payment of such claim." 12 U.S.C. § 1821(d)(5)(C)(ii). The administrative claims process is a prerequisite to judicial review. *Id.*, § 1821(d)(6),(13)(D).

Lynn Feldman, a Chapter 7 bankruptcy trustee, has attempted to recover around twelve million dollars in allegedly fraudulent transfers made as part of a "Ponzi" scheme in Pennsylvania from 1988 to 2007. When the scheme collapsed on September 18, 2007, the six businesses owned by the architect of the scheme filed petitions for voluntary bankruptcy under Chapter 7, 11 U.S.C. § 701 et seq., in the Eastern District

of Pennsylvania.  Washington Mutual was one of the banks that had extended mortgages to customers of these businesses, and upon its failure, the FDIC became receiver on September 25, 2008.  *See* 12 U.S.C. § 1821(c).  The FDIC set December 30, 2008, as the bar date for claims to be filed and published notice of the receivership and the bar date in the *Wall Street Journal* on October 1 and 31, 2008.

On October 8, 2008, Feldman sent a letter to David Schneider, president of Washington Mutual Home Loans Inc., to advise of her authority as Trustee to pursue avoidance in bankruptcy of transfers of around $12 million by the six debtors, under sections 544, 547, 548, and 550 and state law, unless the transfers were subject to exceptions or defenses.  She requested a response within 20 days of proof of any exception or defense.  In the absence of receiving such information, a check for $12,034,717.15 should be made payable to her as Trustee.  Absent a timely response, Feldman further advised she "may have no alternative but to file a complaint with the Bankruptcy Court."  The letter showed copies to Ms. Susan R. Taylor, Registered Agent for Washington Mutual Bank, and Lawrence J. Kotler, Esquire, an attorney with Duane Morris LLP, Feldman's attorney.

On August 3, 2009, Feldman filed a proof of claim with the FDIC.  Upon the FDIC's disallowance of her claim as untimely, Feldman filed a complaint in the federal district court here on November 16, 2009.  Before responsive pleadings were due, the district court granted her request for a stay to permit her to litigate related matters against other banks in Pennsylvania.  Upon resolution of the Pennsylvania litigation, the district court granted her request to lift the stay, and on June 30, 2016, Feldman filed an amended complaint.  The complaint described the Ponzi scheme and a series of money transfers to Washington Mutual that the bank allegedly knew or should

have known were fraudulent. Compl. ¶¶ 9, 49, 51, 53. Of significance here, the complaint alleged that because her October 8 letter to David Schneider had advised Washington Mutual and the FDIC of her claim, she was entitled under FIRREA to receive, and had not received, mailed notice of the bar date. Compl. ¶ 54. The other relevant allegations were that she filed a proof of claim with the FDIC on August 3, 2009, and the FDIC notified her by letter of September 18, 2009, that her claim would be disallowed as untimely. Compl. ¶¶ 55, 56.

The FDIC moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6), 12(b)(7), and 19. It argued that the district court lacked subject matter jurisdiction because Feldman had filed her claim after the bar date and had failed to allege a lack of notice to invoke FIRREA's late-filed claims exception. The FDIC stated it had closed Washington Mutual on September 25, 2008, and mailed notice to all creditors appearing on its book and records; neither Feldman's nor the debtors' names appeared in Washington Mutual records. Stating further that it had published notice of the bar date in newspapers of general circulation in October and December 2008, the FDIC argued that publication notice was sufficient to give Feldman "at minimum constructive notice." *FDIC Motion to Dismiss* at 10-11 (Sept. 30, 2016). Washington Mutual was, the FDIC asserted, "the largest bank failure in U.S. history," *id.* at 12, and at the very least Feldman was on inquiry notice of the receivership and administrative claims process.

Feldman opposed the motion to dismiss on various grounds, of which two are pertinent here. First, she pointed out the FDIC's position that the district court lacked subject matter jurisdiction "strips all meaning from subsection 1821(d)(5)(C)(ii), which permits consideration of any claim filed . . . after the [bar] date specified in the notice published

under paragraph (3)(B)(i)." *Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss the Am. Cmplt and Strike Jury Demand* at 5 (Oct. 3, 2016). She cited federal appellate court decisions suggesting that the failure to file a timely claim would not strip the court of jurisdiction and result in dismissal with prejudice, but rather the appropriate disposition is to dismiss the complaint so a claim may be administratively exhausted. *Id.* at 6-7 (citing *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 385 (6th Cir. 2008); *McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir. 2003); *Carlyle Towers Condo. Ass'n, Inc. v. FDIC*, 170 F.3d 301, 309 (2d Cir. 1999)). Second, she argued that her lack of notice of the receivership was evident from her October 8, 2008 letter because as an experienced bankruptcy trustee she would have filed the claim with the FDIC had she known of its appointment. *Id.* at 8. In reply, the FDIC continued to argue that Feldman's claim of lack of notice of the receivership could not be credited. See *Reply to Pl.'s Opp'n*, at 6 (Nov. 3, 2016).

The district court granted the motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Feldman v. FDIC*, 568 B.R. 543 (D.C.C. 2016). It found that Feldman was not entitled to notice by mail because she was not a creditor shown on the institution's books when the FDIC became receiver, and her allegations did not show that the FDIC discovered she was a claimant. *Id.* at 548. It also found that her October 8 letter could not have put the FDIC on notice of her claim because it was sent to David Schneider when he was "no longer an executive with the bank" and after Washington Mutual "no longer existed." *Id.* at 548-49. And, having failed to allege either that she lacked actual knowledge of the receivership or the date she learned of it, the district court ruled that Feldman did not "carry her burden of demonstrating the factual predicates needed to invoke the late-filed claims exception," *id.* at 549. Further, the court concluded that Feldman received

"adequate notice of the receivership by virtue of the FDIC's publications," *id.*, because Washington Mutual's failure was "the largest bank failure in U.S. history" and "widely publicized in 2008," placing Feldman "on inquiry notice of the receivership." *Id.* (internal quotations omitted). Alternatively, the district court ruled that her claim under the Bankruptcy Act would be barred because her untimely claim was insufficient to toll the statute of limitations. *Id.* at 550.

Feldman appeals the dismissal of her complaint, and our review is *de novo*, *American Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

**II.**

Where a motion to dismiss a complaint "present[s] a dispute over the factual basis of the court's subject matter jurisdiction . . . the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Phoenix Consulting v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "Instead, the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Id.* (citations omitted). Although "[t]he district court 'retains considerable latitude in devising procedures it will follow to ferret out the facts pertinent to jurisdiction,' . . . it must give the plaintiff 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'" *Id.* (quoting *Prakash v. American University*, 727 F.2d 1174, 1179-80 & nn. 36-37 (D.C. Cir. 1984)); *see Hurd v. Dist. of Columbia*, 864 F.3d 671, 686-87 (D.C. Cir. 2017). More particularly, in viewing the FDIC's motion to dismiss as presenting a factual challenge and not merely a facial challenge, *Feldman*, 568 B.R. at 546, the district court may properly consider allegations in the

complaint and evidentiary material in the record, *see Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir.1992), but is obligated, at this threshold stage, prior to any discovery, to accord Feldman the benefit of all reasonable inferences. *Herbert*, 974 F.2d at 198 n. 6 (citing *In re Swine Flu Immunization Prod. Liability Lit.*, 880 F.2d 1439, 1442-43 (D.C. Cir. 1989)); *see Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); 5B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 at 4-5 (2017). Absent evidentiary offering here, weighing the plausibility of her allegations was for a later stage of the proceedings, *see Ashcroft v. Iqbal*, 556 U.S. 662, 671, 678-79 (2009), as was assessing the credibility of her allegations, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also* FED. R. CIV. P. 56 cmt. 1963 Advisory Comm.

Feldman contends that if the district court had accorded her the benefit of favorable inferences from the allegations in her amended complaint, then it would have found that she lacked notice of the FDIC's receivership of Washington Mutual. In her view, she was statutorily entitled to mailed notice of the bar date because her October 8, 2008 letter was sent to the President of a former subsidiary of Washington Mutual, and it triggered the FDIC's obligation to mail her notice of the bar date, which she never received. *See* Compl. ¶¶ 8, 54. Implicitly she maintains there was no basis in the record to presume her letter was not duly processed in the ordinary course of business by the bank or by the FDIC as receiver. *See* 12 C.F.R. § 360.11; FED. R. EVID. 301*; see generally Legille v. Dann*, 544 F.2d 1 (D.C. Cir. 1976), cited with other circuit decisions in 21B KENNETH W. GRAHAM, JR., FEDERAL PRACTICE & PROCEDURE § 5125 at 17 & n. 145 (2017). The FDIC's mere say-so in its motion to dismiss was insufficient. *See In re Swine Flu*, 880 F.2d at 1442-43. Further, Feldman contends that, given her experience as a bankruptcy

trustee who could reasonably be expected to comply with applicable deadlines, the record contains no basis for inferring that she was on notice of the bar date yet chose to delay filing her claim. Instead of crediting her allegations, the record evidence, and her experience in her favor, Feldman maintains that the district court used them against her in finding that "[a]s a self-professed 'experienced bankruptcy trustee who is eminently familiar with how claim-filing bar dates operate,' Feldman's failure to file a timely claim cannot be excused," *Feldman*, 568 B.R. at 549. In these circumstances, Feldman contends that ruling her claim was barred because she was on inquiry notice, when there was no evidence she had actual notice, violated her right to due process.

Doubtless the district court has an obligation to weed out baseless claims at the outset, but at the threshold, pre-discovery stage this can be problematic when a statutory scheme contemplates late filed claims and includes a mandatory administrative process. The procedure afforded to resolve disputed facts must be sufficient to ensure the parties have an opportunity to present evidence relevant to the resolution of a determinative fact. *See Hurd*, 864 F.3d at 686-87. Precedents cited in Feldman's opposition to the motion to dismiss suggest that in the absence of evidence she had notice of the bar date, an appropriate disposition would be to dismiss her amended complaint to allow her to exhaust FIRREA's administrative remedies. *See, e.g.*, *McCarthy*, 348 F.3d at 1081; *Carlyle Towers Condo. Ass'n*, 170 F.3d at 309. Viewing the late-filed exception narrowly, *cf. Freeman v. FDIC*, 56 F.3d 1394, 1405 (D.C. Cir. 1995), such a disposition would be in accord with FIRREA's purpose to "promote . . . a safe and stable system of affordable housing finance," *see* Pub. L. No. 101-73 § 101 (1989), and an experienced bankruptcy trustee's ongoing pursuit of claims related to the Pennsylvania Ponzi scheme. Or at least it would seem so from the complaint when there was no

evidentiary basis to find that her October 8 letter was not duly processed upon receipt by the FDIC even if Washington Mutual "no longer existed." *Feldman*, 568 B.R. at 549; *cf.* 12 C.F.R. § 360.11. Reasonable inferences in Feldman's favor would be either that the October 8 letter triggered the FDIC's statutory obligation to mail her notice of the bar date, or that she was eligible to file under the late filed exception. Of course, it is possible that Feldman knew of the receivership and simply missed the bar date. All we need hold now is that it was premature to reach that conclusion on the basis of the record at the time the district court granted the motion to dismiss.

To the extent the district court concluded Feldman was ineligible under FIRREA's late-filed exception because she "received adequate notice of the receivership," *Feldman*, 568 B.R. at 549, as a result of the FDIC's publication of Washington Mutual's failure and receivership, appellate courts have been loath to conclude that inquiry notice as a result of publication of a receivership would suffice to bar claims under FIRREA. *See Nat'l Union Fire Ins. Co. v. City Savings, FSB*, 28 F.3d 376, 392 (3d Cir. 1994); *Elmco Properties, Inc. v. Second Nat'l Federal Savs. Ass'n*, 94 F.3d 914, 921-22 (4th Cir. 1996); *Greater Slidell Auto Auction, Inc. v. Am. Bank & Trust Co.*, 32 F.3d 939, 942 (5th Cir. 1994); *Campbell v. FDIC*, 676 F.3d 615, 621 (7th Cir. 2012); *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1285 & n.11 (9th Cir. 1994). Much as this court noted in *Freeman*, 56 F.3d at 1403 n.2 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)), the Seventh Circuit observed in *Campbell*, 676 F.3d at 621, that "[i]f the Trustee did in fact lack appropriate notice of receivership and the bar date [served] to extinguish [her] claim, there would be an obvious due process concern." Similarly, the Third Circuit observed that "in some factual settings [FIRREA's] broad bar to jurisdiction contained in [12 U.S.C.] §1821(d)(13)(D) . . . could raise constitutional

concerns . . . if the holder of an action asserting a right to payment were not provided reasonable notice and an opportunity to be heard in the administrative claims procedure." *Nat'l Union Fire*, 28 F.3d at 392. In *Freeman*, 56 F.3d at 1403, this court held there was no due process violation because the plaintiffs had received a letter from the FDIC advising them of the FDIC receivership. Although actual notice sufficed to eliminate a due process concern, it remains an open question whether further proceedings in Feldman's case would provide an evidentiary basis to find that she had adequate notice or was otherwise disqualified from pursuing a claim under the late-filed exception.

Taken together, however, the allegations in the amended complaint as supported by evidentiary record showed that although Feldman mailed a letter to the bank's subsidiary on October 8, 2008, she did not receive mailed notice of the bar date from the FDIC, and consequently she did not file her claim with the FDIC until months after the bar date had passed, despite being an experienced trustee actively pursuing related bankruptcy claims. So understood, the pleading deficiency as to notice on which the district court and the FDIC focused did not warrant dismissal pursuant to Rule 12(b)(1). Because Feldman was entitled to the benefit of reasonable inferences from the allegations in the amended complaint and the record before the district court, this court has no occasion to address other grounds for dismissal argued by the FDIC that the district court did not reach. Similarly, this court has no occasion to decide whether Feldman's bankruptcy claim was time-barred because the district court's alternative ruling was predicated upon her late-filed claim not tolling the statute of limitations. *Feldman*, 568 B.R. at 550.

Accordingly, we reverse the Rule 12(b)(1) dismissal of Feldman's amended complaint and remand the case to the district court for further proceedings.