In the Matter of the **ARBITRATION BETWEEN INTERNATIONAL BECHTEL COMPANY LIMITED, Petitioner,**

and

**DEPARTMENT OF CIVIL AVIATION OF THE GOVERNMENT OF DUBAI, Respondent.**

**No. CIV.A.03–0277 (JR).**

United States District Court, District of Columbia.

Feb. 5, 2004.

Andrew D. Ness, Thelen Reid & Priest LLP, Washington, DC, John Foust, Paul Wilson Berning, Thelen Reid & Priest, San Francisco, CA, for Petitioner.

Benjamin G. Chew, Benjamin Dalrymple Wood, Patton Boggs, LLP, Washington, DC, for Respondent.

## *MEMORANDUM ORDER*

ROBERTSON, District Judge.

International Bechtel Company Limited ("Bechtel") petitions this American court for judicial confirmation of an arbitration award issued on February 20, 2002, under the laws of Dubai. The Department of Civil Aviation of the Government of Dubai ("DCA"), the other party to the arbitration, moves to dismiss. The motion raises jurisdictional questions, which I have resolved in petitioner's favor, and a question of international comity, which need not be decided at this time. Further proceedings in this matter will be stayed pending a decision on Bechtel's appeal of the decision of the Dubai Court of First Instance invalidating the award, now pending before the Dubai Court of Cassation.

### *Background*

On March 30, 1992, Bechtel and the DCA entered into a written Project Management Services Agreement for the design and construction of a theme park and adjacent commercial and residential developments in Dubai. The parties agreed, *inter alia*, that any disputes arising from the Agreement would be decided by arbitration. In 1999, a dispute did arise: Bechtel claimed that the DCA had failed to pay Bechtel amounts due and owing to it for services rendered and expenses incurred under the terms of the Agreement; and the DCA counterclaimed that Bechtel had breached its contractual obligations under the Agreement and was liable in damages to the DCA and/or needed to make restitution of payments already received from the. DCA. *See* Final Award, dated February 20, 2002, at 2. Pursuant to the Agreement, on July 26, 2000, the parties met with and began arbitration before Dr. Georg von Segesser, who had been appointed sole arbitrator of the dispute.

On February 20, 2002, the arbitrator issued an extensive written opinion, awarding Bechtel approximately $24.4 million in damages, costs and legal fees, and dismissing the DCA's counterclaims for approximately $42 million. On April 7, 2002, after the DCA had failed to satisfy the award, Bechtel filed a petition in the Dubai Court of First Instance to confirm the arbitration award.

On April 22, 2002, the DCA filed a complaint in the same Dubai court, seeking to overturn the award. In a written opinion dated November 16, 2002, the Court of First Instance rejected five of the six arguments put forth by the DCA but overturned the award on the sixth, finding that witnesses in the arbitration had not taken oaths in the form prescribed by Dubai law:

> As for the last ground in the suit statement concerning the invalidity of the award on the ground that the witnesses did not take oath prior to hearing their statements[,] ... the arbitrator ... is bound to comply the procedures stipulated in the Arbitration Chapter. As such, ... the violation of such requirement renders the procedure invalid, which affects the award.
>
> ... Article 41/2 of the [Civil Procedure] Law determined the form of the oath to be taken by a witness, namely: "I swear by the Almighty to tell the truth and nothing but the truth". Upon taking the oath, the religion of the witness shall take into consideration, if the witness requires the same. The purpose of stipulating to take the oath or to put a witness to oath ... is to give such statement a frame leading to the truth with the exclusion of lying, deviation or fancy, so that the statement becomes a satisfactory decisive evidence, and satisfaction arises from taking the oath. The statement of a witness will not be valid and certain unless the witness takes the

oath ... [nor will] anything that relies on such statement, as it becomes ineffective and cannot, accordingly, be relied upon, particularly if such statement is the evidence on which the award relied. It is imperative that the arbitrator puts a witness on oath prior to giving his statement, which may not be ignored or made other than in the form provided by the law, as above quoted. It is established from the award, the subject matter of the suits, that the arbitrator did not address the oath in the above form as provided in the law upon hearing witnesses William G. Leuing, Tilak Raj Billo, Christopher Hertzell, Steven Martin, Keith Kennedy, Ann Saha, Christopher Brown, Mohamed Saleh Al Saleh, HH Sheikh Ahmed Bin Saeed Al Maktoum, Abdullah Al Hashimi, Simon Azzam, Surish Kumar, Masood Hasan Dariwala, Robert Burnett and W. Michael. As such, the requirements for the validity of the respective statements of the above witnesses were not available, which renders the said statements invalid and also renders everything established on such statements invalid. Whereas the award relied on the statements of the above witnesses without putting them to oath as above quoted, the award, the subject matter of the suits, is invalid because it relied on an invalid procedure.

*Int'l Bechtel Co. Ltd. v. Dep't of Civil Aviation of Gov't of Dubai,* case No. 288/2002 [Court of First Instance], at 6–8. The court rejected Bechtel's arguments that the DCA had waived its objection to the form of the oaths by failing to object on that ground during the arbitration, or by agreeing in advance that the arbitration award would be final and binding and that there would be no appeal to any court.

*See* Agreement, at ¶ 19B. The court explained:

[T]he party who is originally required to comply with the procedures stipulated under the law, is the arbitrator, but not the litigants. Administering oath on witnesses is an imperative requirement under Article 211 of the Civil Procedures Law, which the arbitrator should comply with even if the litigants have agreed otherwise.

. . . . .

Article 216/2 of the Civil Procedures Law ... provides that "The acceptance of a request to invalidate an award shall not be affected by the waiver of a litigant of its right to such invalidation prior to the issuance of the award". Moreover, it may not be held to the request to invalidate the award before the arbitrator himself but such request may be held thereto either under a separate suit or during the hearing of the suit brought before the court to confirm such award.

*Int'l Bechtel,* [Court of First Instance], at 9.

Bechtel appealed the Court of First Instance ruling to the Dubai Court of Appeal on December 14, 2002. While that appeal was pending, on February 19, 2003, Bechtel filed its petition in this Court. On June 8, 2003, the Dubai Court of Appeal affirmed the decision of the Court of First Instance. Bechtel has taken that decision to the highest court of Dubai, the Court of Cassation, where Bechtel's appeal remains pending.[1]

## I. SUBJECT MATTER JURISDICTION

Bechtel has invoked this Court's juris-

1. The parties also informed the Court at oral argument on January 12, 2004, that Bechtel
has filed a petition for confirmation of the arbitration award in the courts of France.

diction under 28 U.S.C. § 1330(a),[2] asserting that the DCA is a foreign state as defined in § 1603(a) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* ("FSIA"), and that its claim falls under two of the FSIA's exceptions to immunity: for commercial activities, 28 U.S.C. § 1605(a)(2), and for arbitration awards, 28 U.S.C. § 1604(a)(6).[3]

■ The DCA's jurisdictional argument does not meet Bechtel's jurisdictional allegations. It focuses instead on the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), and maintains that "Bechtel seeks to invoke jurisdiction here *solely* under the FAA ... [b]ut the FAA does not apply because the Agreement explicitly states that Dubai law governs, and Dubai law expressly designates the Dubai Court as the exclusive forum for confirmation of the arbitration award." Resp't Mem., at 4–5 (emphasis in original). But Bechtel does not assert that the FAA confers subject matter jurisdiction in this Court, and clearly it does not.[4] It is the FSIA that "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country," *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 443, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *see also id.* at 434, 109 S.Ct. 683 ("Sections 1604 and 1330(a) work in tandem: § 1604 bars federal and state courts from exercising jurisdiction when a foreign state is entitled to immunity, and § 1330(a) confers jurisdiction on district courts to hear suits brought by United States citizens and by aliens when a foreign state is not entitled to immunity." (emphasis omitted)).

■ "At the threshold of every action" against a foreign state, the Court must satisfy itself that it has jurisdiction by "apply[ing] the detailed federal law standards set forth in the [FSIA]." *Verlinden B.V. v. Cent. Bank of Nigeria,* 461 U.S. 480, 493–94, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). The DCA has not responded to Bechtel's petition on the merits. Its motion to dismiss does not assert immunity under the FSIA or challenge the facts upon which Bechtel relies in invoking the commercial activities and arbitration award FSIA exceptions. The D.C. Circuit has held that "if the sovereign makes a 'conscious decision to take part in the litigation,' then it must assert its immunity under the FSIA either before or in its responsive pleading.'" *Phoenix Consult-*

---

2. Section 1330(a) provides:
 The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.
 28 U.S.C. § 1330(a).

3. The petition states in relevant part:
 *Jurisdictional Allegations*
 ... Respondent Department of Civil Aviation of the Government of Dubai ("DCA") is a foreign state as defined in 28 USC § 1603(a) and is not entitled to immunity from this claim under either 28 USC §§ 1605 through 1607 or any applicable international agreement. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 USC § 1330(a).
 Pet. to Confirm Arbitration Award, at 1–2.

4. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise.... [H]ence, there must be diversity of citizenship or some other independent basis for federal jurisdiction ...."); *see also Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 166 F.3d 1243, 1245–47 (D.C.Cir.1999).

*ing Inc. v. Republic of Angola,* 216 F.3d 36, 39 (D.C.Cir.2000) (quoting *Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 443–45 (D.C.Cir.1990)). This is because "failure to assert the immunity after consciously deciding to participate in the litigation may constitute an implied waiver of immunity, 28 U.S.C. § 1605(a)(1), which invests the court with subject matter jurisdiction under 28 U.S.C. § 1330(a)." *Id.* (citing H.R.Rep. No. 94–1487, at 18 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6616–17); *but see id.* at 39 n. *.

I make no ruling as to whether the DCA has consciously decided to take part in this litigation. Suffice it to say that there is nothing now of record to indicate that this Court does not have jurisdiction over the subject matter of this case.

## II. INTERNATIONAL COMITY

█ The DCA invokes the doctrine of *res judicata,* asserting that Bechtel may not relitigate here what it lost in the Dubai courts. "The theory often used to account for the *res judicata* effects of foreign judgments is that of comity, which is the 'recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation.'" *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.,* 288 F.Supp.2d 783, 794 (N.D.Tex.2003) (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S.D. Iowa,* 482 U.S. 522, 544 n. 27, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987) (quoting *Hilton v. Guyot,* 159 U.S. 113, 163–64, 16 S.Ct. 139, 40 L.Ed. 95 (1895))). In no event will this Court undertake to decide whether witness oaths were properly administered in the arbitration as a matter of Dubai law, nor, indeed, does Bechtel ask for such a ruling. Instead,

Bechtel seeks direct enforcement of the arbitration award, without any regard for Dubai court proceedings subsequent to that award. Bechtel's position is that the proceedings of the Dubai courts in this matter are not entitled to international comity and that they should be ignored.

In the seminal case of *Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895), the Supreme Court found that " 'the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or on appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact' if there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect ...." *Tahan v. Hodgson,* 662 F.2d 862, 864 (D.C.Cir.1981) (quoting *Hilton,* 159 U.S. at 158–59, 16 S.Ct. 139).

█ "[T]he central precept of comity teaches that, when possible, the decisions of foreign tribunals should be given effect in domestic courts," but a special reason for declining comity exists when the foreign judgment is "contrary to the crucial public policies of the forum in which enforcement is requested." *Laker Airways Ltd. v. Sabena, Belgian World Airlines,* 731 F.2d 909, 931, 937 (D.C.Cir.1984).[5]

---

**5.** The D.C. Circuit further explained that

[w]hen the foreign act is inherently inconsistent with the policies underlying comity,

"[A] state is not required to give effect to foreign judicial proceedings grounded on policies which do violence to its own fundamental interests" or which are "predicated on laws repugnant to the domestic forum's conception of decency and justice." *Id.* at 931 n. 71. However, the public policy exception is "a narrow one, and a court will not deny enforcement because the foreign jurisdiction has different procedural or technical rules of law than does the United States, or because the foreign judgment is based on a cause of action not recognized by the enforcing jurisdiction." *Ricart v. Pan Am. World Airways, Inc.,* case No. 89–0768, 1990 WL 236080 (D.D.C. Dec. 21, 1990) (internal citations omitted).

 Bechtel has not alleged that the Court of First Instance is not a court of competent jurisdiction, nor does it question the court's general integrity. Bechtel has not argued that the Dubai judgments rendered in this case were fraudulent, or that the relevant parties did not have an opportunity to be heard. And Bechtel will not be heard to argue that Dubai does not have a legitimate and reasonable interest in providing a forum for the dispute, *see Gulf Petro,* 288 F.Supp.2d at 794, as the Agreement required that the arbitration be conducted under Dubai law. The comity question that Bechtel's challenge does raise is whether the Dubai courts' invalidation of the arbitral award on the ground of improper administration of witness oaths is "repugnant to fundamental notions of what is decent and just"? *Tahan,* 662 F.2d at 864 (citation and internal quotation marks omitted).

The Dubai court's invalidation of the arbitral award solely on the ground that witness oaths were not properly administered, where neither party objected to the form of the oaths when given, in the face of a contract provision stating plainly that the award would be final and binding and that there would be no appeal to any court, registers at the hypertechnical fringe of what Americans would call justice. Whether it is "repugnant to fundamental notions of what is decent and just," however, remains to be seen, as (a) Bechtel's appeal to the Dubai Court of Cassation has not been decided, and (b) neither party to this dispute has been able to say whether an affirmance by the Court of Cassation would have a preclusive effect on rearbitration.

\* \* \* \* \* \*

It is accordingly by the Court *sua sponte* **ORDERED** that all proceedings in this case are **stayed** pending further order of the Court. As an administrative matter, the DCA's motion to dismiss [16] is **denied without prejudice.** The Court will entertain a further motion by either party after a decision is rendered by the Dubai Court of Cassation, or in the event that Bechtel's petition to confirm its arbitration award in the courts of France moves forward.[6]

domestic recognition could tend either to legitimize the aberration or to encourage retaliation, undercutting the realization of the goals served by comity. No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum. Thus, from the earliest times, authorities have recognized that the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. *Laker Airways,* 731 F.2d at 937.

6. In light of the decision to stay the case, I need not and do not consider the merits of the parties' contentions concerning proper appli-

cation of the Agreement's choice of law clauses.

The DCA's *"forum non conveniens"* argument asserts that the courts of Dubai are an adequate alternative forum, but, since the parties' dispute is already *sub judice* in that forum, the argument is really only a variant of the DCA's *res judicata* argument that need not be given further consideration.