In the Matter of the Arbitration Between

**INTERNATIONAL BECHTEL COMPANY LIMITED, Petitioner,**

and

**DEPARTMENT OF CIVIL AVIATION OF THE GOVERNMENT OF DUBAI, Respondent.**

**No. CIV.A.03–0277 (JR).**

United States District Court, District of Columbia.

March 8, 2005.

Andrew D. Ness, Thelen Reid & Priest LLP, Washington, DC, John Foust, Paul Wilson Berning, Thelen Reid & Priest, San Francisco, CA, for Petitioner.

Benjamin G. Chew, Benjamin Dalrymple Wood, Thomas P. O'Donnell, Patton Boggs, LLP, Washington, DC, for Respondent.

## *MEMORANDUM*

ROBERTSON, District Judge.

Before the Court is the renewed motion of the Department of Civil Aviation of the Government of Dubai ("DCA") to dismiss Bechtel's petition to confirm an arbitration award issued February 20, 2002.

The background of this dispute is set forth in *In re Arbitration Between Intern. Bechtel Co., Ltd. and Department Civil Aviation of the Govt. of Dubai,* 300 F.Supp.2d 112 (D.D.C.2004). In that decision, I denied DCA's motion to dismiss without prejudice and stayed all proceedings in this case, noting that it remained to be seen whether the Dubai Court's invalidation of the arbitration award could be considered "repugnant to fundamental notions of what is decent and just," as (a) Bechtel's appeal to the Dubai Court of Cassation had not yet been decided and (b) neither party had been able yet to say whether an affirmance by the Court of Cassation would have a preclusive effect on re-arbitration.

That order was issued on February 5, 2004. Subsequently, the Court of Cassation did rule, affirming the judgments of the Dubai Court of First Instance and Court of Appeal, affirming that the oath requirement is non-waivable as a matter of Dubai law, finding that the arbitrator had only "warned" the witnesses to tell the truth and had not put them under oath,

and finding that the arbitrator had based his award on the statements of witnesses who were not under oath. The DCA has accordingly renewed its motion to dismiss, asserting that the operative effect of the orders of the courts of Dubai has been to invalidate the arbitration award, so that there is nothing to enforce.[1]

My February 5 order resolved in Bechtel's favor the jurisdictional issues DCA had raised on its first motion to dismiss. In its renewed motion DCA has pointed to a decision of the Court of Appeals that was not considered in that order, and which upon consideration this time around requires dismissal of Bechtel's claim, not for want of jurisdiction, but for failure to state a claim upon which relief can be granted. That decision is *Cicippio–Puleo v. Islamic Republic of Iran,* 353 F.3d 1024 (D.C.Cir. 2004).[2] *Cicippio's* precise holding was that nothing in the Foreign Sovereign Immunities Act or in the Flatow Amendment, 28 U.S.C. § 1605 note, created a private cause of action against foreign state sponsors of terrorism. The instant case has nothing to do with terrorism, but *Cicippio–Puleo,* read together with *FDIC v. Meyer,* 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), requires me to focus on what *Cicippio–Puleo* calls the "clearly settled distinction in federal law between statutory provisions that waive sovereign immunity and those that create a cause of action," and to look at exactly what cause of action Bechtel has stated against DCA.

Bechtel's only stated claim is for confirmation of an arbitration award, and it invokes only the Federal Arbitration Act, 9 U.S.C. §§ 1, 9, as authority. *See* Complaint, ¶ 5.[3] Bechtel's invocation of the so-called "domestic FAA" does not state a claim upon which relief can be granted, because "the source of substantive law upon which the claimant relies [does not] provide[ ] an avenue for relief." *Meyer,* 510 U.S. at 484, 114 S.Ct. 996. Bechtel and DCA did not agree that a judgment would be entered upon the award made pursuant to the arbitration and did not specify a United States court pursuant to 9 U.S.C. § 9. Chapter 1 of the FAA applies to an award rendered abroad "only if the parties had agreed that judgment on the award may be entered in a specific United States court." RESTATEMENT (3D) OF U.S. FOREIGN RELATIONS LAW § 487, n. 8 (1987).

Resisting this conclusion, Bechtel cites to *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 510–11, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), pointing out that it applied Chapter 1 of the FAA to a "truly international agreement." So it did—but in that case the parties had brought themselves under the FAA by selecting the laws of the State of Illinois as the applicable and governing law of this agreement. *Id.,* at 508 n. 1, 94 S.Ct. 2449. *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000), upon which Bechtel places heavy reliance, dealt with the *venue* appropriate for a suit otherwise properly brought under the FAA. The dicta upon which Bechtel relies, *id.* 203, 120 S.Ct. 1331—"reading §§ 9–11 to restrict venue to the site of the arbitration would preclude any action under the FAA in

---

1. DCA's submission also gives assurances that Bechtel's claim has not been extinguished.

2. Although *Cicippio–Puleo* was decided January 16, 2004, about three weeks before my decision on DCA's first motion to dismiss, neither party brought it to my attention, and I did not consider it.

3. Bechtel asserts no claim under the New York Convention (the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *see* 9 U.S.C. § 201), because neither Dubai nor the UAE is a signatory to it.

courts of the United States to confirm, modify, or vacate awards rendered in foreign arbitrations not covered by either convention"—is, as DCA suggests, explainable by the Court's concern for " 'anomalies' like *Scherk* where the parties chose arbitration in a foreign country not a signatory to either convention, but nevertheless *chose to have such arbitration governed by U.S. law.*" DCA reply mem. at 12. Bechtel and Dubai did not choose to have the arbitration of their disputes governed by U.S. law. They agreed that their agreement would be "governed by and interpreted in accordance with the laws of Dubai," Art. 19A, and that arbitration procedures would be as agreed by the parties or as specified by the arbitrator, "provided that no such procedure shall be contrary to any law or procedures for the time being in force in Dubai," Art. 19B.

\*　　\*　　\*　　\*　　\*　　\*

Bechtel has sought enforcement of its arbitration award in the United States because of what it has called the fundamental unfairness of the rulings of the Dubai courts. But Bechtel has also applied for enforcement of the award in the Paris Court of First Instance. An *ex parte* enforcement order has been issued by that court and served on DCA, and the matter is now pending appeal before the Paris Court of Appeal. In the circumstances, any further comment by me on the merits of Bechtel's complaint would be inappropriate and, in view of my ruling on the motion to dismiss, dicta in any event. An appropriate order accompanies this memorandum.

### CORRECTED ORDER

The order issued March 8, 2005[49] was incorrect. It should have read: "For the reasons set forth in the accompanying memorandum, **respondent's** renewed motion to dismiss [36] is **granted.**"