ally; John Doctor, individually; Jane Doctor, individually; John Dentist, individually, Defendants,

and

James Borren, individually, Defendant–Appellant.

Nos. 87–2536, 87–2539.

United States Court of Appeals, Tenth Circuit.

Nov. 29, 1989.

Scott Furman MAXEY, a Minor, by his mother & next friend, Dianna MAXEY, Plaintiff–Appellee,

v.

Robert FULTON, individually; Julia Teska, individually; Harold E. Goldman, individually; Heriberto Martinez, individually; John Dentist, individually; John Doctor, individually; Jane Doctor, individually, Defendants,

and

James Borren, individually, Defendant–Appellant.

Joseph Donald COLE, by his mother & next friend, Virginia COLE, Plaintiff–Appellee,

v.

Robert FULTON, individually; Julia Teska, individually; Harold E. Goldman, individually; Luis A. Reinoso, individu-

Robert A. Nance (Robert H. Henry, Atty. Gen. of Okl., and John Galowitch, Asst. Atty. Gen. of Okl., with him on the briefs), Chief, Federal Division, Asst. Atty. Gen. of Okl., for defendant-appellant.

Judith A. Gran (Louis A. Bullock, and Patricia Bullock, Tulsa, Okl., Raymond Yasser, of the University of Tulsa, Tulsa, Okl., Frank J. Laski, and Timothy M. Cook, of The Public Interest Law Center of Philadelphia, Philadelphia, Pa., and Allen Mitchell, Sapulpa, Okl., with her on the briefs), The Public Interest Law Center of Philadelphia, Philadelphia, Pa., for plaintiffs-appellees.

Before HOLLOWAY, and Chief Judge, MOORE and TACHA, Circuit Judges.

TACHA, Circuit Judge.

James Borren, former superintendent of the Hissom Memorial Center, a state institution for the mentally retarded, appeals the district court's order denying his motions for summary judgment or a protective order in two 42 U.S.C. section 1983 actions brought on behalf of Scott Furman Maxey and Joseph Donald Cole ("residents"), two former residents at Hissom. Borren bases his appeal on the district court's purported rejection of his qualified immunity defense. We reverse and remand for further proceedings.

## I.

The residents filed amended complaints on December 20, 1985, which alleged numerous violations of their constitutional, statutory and common law rights, including the rights to personal safety, freedom from harm, freedom from excessive restraint, adequate medical care, and minimally adequate habilitation. Both complaints alleged that Borren was the superintendent of Hissom during part of their residency and that he exercised general supervision over the complex.

On January 28, 1986, Borren moved to dismiss the residents' section 1983 actions, arguing that the residents had not adequately pleaded his "personal participation" in the wrongs alleged to have occurred. Borren also argued that the al-

leged wrongs in the amended complaint were not deliberate violations of the residents' constitutional or other rights and that the complaints alleged only "negligent" conduct. The district court denied Borren's motion to dismiss.

One year later the residents sought to depose Borren, who refused to appear. On January 26, 1987, Borren filed a motion for protection from discovery and a motion for summary judgment on the grounds of qualified immunity. In an affidavit accompanying his motions, Borren denied the allegations of the complaint, stating that to his knowledge (1) no violations of constitutional or other rights had occurred; (2) if any violations had occurred it was without his personal participation; (3) the care provided to the residents was based on the professional judgment of the Hissom staff; and (4) such care was "consistent with staffing and funding levels." The residents filed a brief in opposition to the motions, but did not file affidavits in support of their brief opposing summary judgment. The residents also moved to compel discovery. Hearings on the motions were referred to a magistrate.

The magistrate heard argument on these motions in a hearing on April 8, 1987. The magistrate recommended to the district court that Borren's motions for summary judgment and protection from discovery be denied and that the residents' motion to compel discovery be dismissed as moot. At the hearing, the magistrate observed:

[I]n the interests of fairness I think I have to give the [residents] some opportunity to come up with an evidentiary basis in form usable for summary judgment purposes. Summary judgment Rule 56 expressly contemplates the use of depositions. It permits the use of affidavits and here without any opportunity at all to take depositions or to proceed with other methods of discovery, I think it would be improper to grant this motion for summary judgment. However, in saying that, I am going to expressly say that I have absolutely no intention of limiting [Borren] from bringing or reurging a motion for summary judgment at that point where a sufficient amount of discovery has been conducted and certainly I am not going to limit the reurging of such a motion at that point where discovery is entirely complete.

The magistrate also noted that he would consider protective orders if discovery became abusive or overly broad. The district court adopted the magistrate's recommendation over Borren's objections, and this appeal followed.

II.

The issue presented by this appeal is whether the magistrate's recommendation, adopted in the district court's order, denying Borren's motions for summary judgment or a protective order, impermissibly infringed Borren's qualified immunity interests, entitling him to an appeal of right to this court under the doctrine of *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We hold that the order did not conclusively and finally deny Borren's entitlement to qualified immunity, but merely deferred that issue pending development of a sufficient factual record. The order did infringe Borren's immunity interest in freedom from overly broad discovery, however, by failing to limit discovery to the issue of qualified immunity.

In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court examined the appealability of denials of qualified immunity. The Court held that denials of immunity were appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because the "entitlement [to qualified immunity] is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815 (emphasis in original). The Court also found that denials of qualified immunity satisfied the other criteria of the collateral order doctrine, specifically the "conclusively determine the disputed question" criterion and the "separable from, and collateral to" the merits criterion. *Id.* at 527–30, 105 S.Ct. at 2816–18

(quoting respectively *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978), and *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26). The Court reasoned that a denial of qualified immunity is conclusive because the court is deciding either that (1) the defendant violated clearly established law and is not entitled to immunity, or (2) that if the facts are as asserted by plaintiff, defendant is not immune. *Id.* 472 U.S. at 527, 105 S.Ct. at 2816. In either situation, appealability is proper because "the court's denial of summary judgment finally and conclusively determines the defendant's claim of right not to *stand trial* on the plaintiff's allegations." *Id.* (emphasis in original).

This circuit recognizes a third situation in which a defendant is entitled to appeal an order denying qualified immunity: where the trial court denies qualified immunity "grounded upon a finding that disputed material facts exist in the case." *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 719 (10th Cir.1988). This result flows from the principle that qualified immunity is an entitlement not to stand trial. A finding of disputed material fact defeats the purpose of qualified immunity because its effect, if erroneous, would be to compel the official to stand trial in derogation of his or her immunity. Together these three categories of permissible appeals cover most situations where a defendant's immunity interest in avoiding the burdens of trial might be impermissibly infringed.

Borren's situation does not fall within these three categories of appealable denials. The magistrate did not "finally and conclusively" deny Borren's motions for summary judgment and a protective order based on qualified immunity; the magistrate specifically stated at the hearing that Borren was free to reurge his motions at any time. Nor did the magistrate determine that there was a disputed question of material fact requiring trial. Instead, the magistrate, and presumably the district court in adopting the magistrate's recommendation, temporarily denied Borren's motions to allow the parties to develop an adequate factual record on which to resolve Borren's immunity claim.

 Borren contends that *Mitchell* establishes qualified immunity as an immunity from discovery and that the district court's order foreclosed Borren's immunity to discovery. We disagree. The language in *Mitchell* does not sweep so broadly. *Mitchell* itself recognizes that there will be times when discovery is proper:

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.

*Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815 (citation omitted). This language recognizes that discovery is permissible where the plaintiff adequately alleges a violation. We agree with the Fifth Circuit that:

> *Harlow* [*v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ], *Mitchell*, and *Jacquez* [*v. Procunier*, 801 F.2d 789 (5th Cir.1986) ] make clear that qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad. Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense or discovery permitted in cases where the defendant is clearly entitled to immunity would certainly fall within this category. Immediate appeal would lie from these orders because *Harlow, Mitchell*, and *Jacquez* require that immune defendants be exempt from avoidable, burdensome pretrial matters.

*Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987). We also agree that

> Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the

immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad. Such orders are not immediately appealable.

*Id.* at 507–08. Borren's immunity claim fits squarely within this rule of permissible discovery.

█ Borren, in his motion to dismiss, challenged the residents' complaint as not stating a claim of violation of clearly established law. That motion was denied and Borren chose not to appeal. The denial of the motion to dismiss foreclosed Borren's claim of immunity from *all* discovery. The residents alleged a violation of clearly established law adequate to state a claim for relief, thus entitling them to discovery under *Mitchell* and to discovery on the fact-specific immunity claim under the rule in *Lion Boulos.* By choosing not to appeal the district court's denial of the motion to dismiss, Borren waived his right to object to discovery limited to the issue of his fact-specific qualified immunity claim.

█ The magistrate's recommendation that Borren's motion for summary judgment on the basis of qualified immunity be denied was not a conclusive determination of Borren's entitlement to immunity. The magistrate explicitly stated at the hearing that he would allow Borren to reurge his motions based on qualified immunity after some discovery had been completed. The magistrate recommended that Borren's motion be denied because he determined that additional facts were needed before a ruling on Borren's qualified immunity claim could be reached and that the residents were entitled to at least some discovery. We cannot say that the magistrate's recommendation or the district court's order adopting the recommendation was in error. The substantive record in this case consists only of the pleadings and Borren's affidavit, which merely denies the allegations in

the complaint. This record is inadequate to determine Borren's fact-specific claim of qualified immunity.

The district court's order adopting the magistrate's recommendation is thus akin to the nonappealable discovery orders discussed by the Fifth Circuit in *Lion Boulos* when the "defendant's immunity claim turns at least partially on a factual question." *Lion Boulos,* 834 F.2d at 507–08. Like *Lion Boulos* discovery orders, the district court's denial of the summary judgment motion did not conclusively determine Borren's immunity but merely deferred final determination.[1]

█ The only remaining justification for considering this appeal would be if the discovery permitted by the district court were to exceed that "narrowly tailored" to the question of qualified immunity. While the magistrate stated at the hearing that he would grant protective orders if discovery became abusive or overly broad, we cannot determine on this record if the district court's order included that restriction. Similarly, we cannot determine on this record whether the magistrate's statement was intended to limit discovery to the issue of qualified immunity or to prevent abusive discovery practices generally. Given this uncertainty in the record and the policy interest in deferring discovery on the merits until after the question of qualified immunity is resolved, we hold that the district court's order did not adequately limit permissible discovery to the question of qualified immunity. We thus have jurisdiction over this appeal and remand for the entry of an appropriate protective order to protect Borren's immunity interests before discovery is permitted to continue. Both Borren's immunity interests and the residents' legitimate interest in limited discovery on the qualified immunity issue can be accommodated in this fashion.

### III.

We have jurisdiction over this appeal because of the impermissible infringement on

---

1. We recognize Borren's contentions that the complaint did not meet the requirements of Fed.R.Civ.P. 11, and that the plaintiffs did not comply with Fed.R.Civ.P. 56(f). Because we have no jurisdiction over the denial of the motion for summary judgment, we do not reach those issues.

Borren's immunity interest in freedom from overly broad discovery. We determine that the district court's order denying summary judgment did not conclusively determine Borren's entitlement to qualified immunity. We also find that there is an inadequate basis in the record for determining Borren's entitlement to qualified immunity. Therefore, we REVERSE the denial of a protective order and REMAND with directions to limit discovery to the qualified immunity issue. Each party will bear its own costs in this appeal.