952 F.2d 1401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffrey L. JOHNSON, Plaintiff-Appellant,
v.
D. RARDIN, Disciplinary Hearing Officer; A. Belaski,
Warden, FCI Englewood; K. Hawk, Director; P. Falazzo,
Disciplinary Hearing Officer; S. Baete, S.I.S. Lieutenant;
O. Meyer, Counselor; R. Tollackson, Counselor; J.E.
Murphy, Captain; J. Shaw, Regional Director; A. Smith,
Staff Training Officer, Defendants-Appellees.
 No. 91-1211.
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1992.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 PATRICK F. KELLY, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff appeals from an order of the district court granting Defendants' motions to dismiss. We affirm.
 
 
 6
 In 1989, Plaintiff, then confined at FCI, Englewood, Colorado, was accused of assaulting another inmate and was placed in administrative detention. Charges were suspended pending an investigation by the United States Attorney's office. Prosecution was declined, and the case was referred back for administrative discipline. Plaintiff appeared before the Unit Disciplinary Committee on one charge of assault. He was found not guilty of that charge, but was found guilty of a reduced charge of assault.
 
 
 7
 After exhausting his administrative appeals, Plaintiff commenced this action in district court in which he alleged Defendants had deprived him of his right to due process during the course of the disciplinary proceeding. The case was assigned to a magistrate judge who held an evidentiary hearing and recommended that the complaint be dismissed. Plaintiff filed timely objections to the recommendation. On review, the district court adopted the recommendation.
 
 
 8
 On appeal, Plaintiff argues the district court erred in (1) failing to conduct a de novo review of those portions of the magistrate judge's recommendations to which he filed objections; (2) dismissing his complaint against Defendants Hawk and Shaw for lack of personal jurisdiction; (3) dismissing the complaint for failure to state a claim; (4) denying him limited discovery in order to obtain an address by which he could effect service of process on Defendant Murphy; and (5) finding Defendants' actions did not violate his clearly established rights.
 
 
 9
 The district court must conduct a de novo review of those portions of the magistrate judge's recommendations to which a Plaintiff files timely objections. See 28 U.S.C. § 636(b)(1). Plaintiff argues the district court did not comply with the statute because it did not state it was conducting a de novo review. Our review of the district court's order, however, shows that the court noted that objections had been filed, indicated it had reviewed the record, and discussed each issue in a manner consistent with proper judicial consideration of the objections. See Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir.1987).
 
 
 10
 Plaintiff also argues the district court erred in dismissing his complaint against Defendants Hawk and Shaw for lack of personal jurisdiction. Shaw is regional counsel for the Bureau of Prisons in California. Hawk is assistant director for the Bureau of Prisons in Washington, D.C. Both Defendants reviewed Plaintiff's appeals from the disciplinary proceedings.
 
 
 11
 In order to exercise jurisdiction over these Defendants, Plaintiff must show they purposely directed activities to the forum state and that this litigation arose as a result of injuries related to those activities. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Here, other than signing the reviews of Plaintiff's appeals, Hawk and Shaw's only contacts with the state were to occasionally advise senior staff members and the legal staff of the federal prisons located in Colorado. We agree with the district court that these contacts were not sufficient to permit the exercise of jurisdiction over these Defendants.
 
 
 12
 Next, Plaintiff argues the district court erred in dismissing his complaint for failure to state a claim. Plaintiff claimed he was denied due process because Defendants refused to call all his requested witnesses, did not allow him to review the evidence against him, did not allow his witnesses to make their statements, refused to consider documentary evidence exculpatory to him, denied him the ability to marshal a defense, failed to provide him an accurate statement of the evidence relied upon, and provided a biased prison official to preside over the hearing.
 
 
 13
 Upon review, we see no denial of constitutional rights due Plaintiff under the standards established by Wolf v. McDonnell, 418 U.S. 539, 563-71 (1974). In addition, the decision of the disciplinary board was supported by some evidence. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 14
 Plaintiff also argues Defendants failed to comply with their own regulations. Failure to comply with prison regulations does not give rise to a constitutional claim absent unmistakably mandatory language in the regulation. Hewitt v. Helms, 459 U.S. 460, 471 (1983). Plaintiff has not alleged any such obligatory language.
 
 
 15
 Plaintiff argues the district court erred in denying him limited discovery so he could obtain an address by which to effect service on Defendant Murphy. While a qualified immunity defense will not shield a defendant from all discovery, see Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), he is protected from discovery until the court determines the threshold immunity question of whether Defendants' conduct could have violated clearly established law. Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir.1989). Here, there was no evidence of any violation by Murphy. The district court correctly denied Plaintiff's request.
 
 
 16
 Finally, Plaintiff argues that the district court erred in finding Defendants' acts did not violate his clearly established rights. Our review of the record on appeal and the parties' briefs shows no violation of Plaintiff's constitutional rights.
 
 
 17
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3