**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

THEODORE L. HANSEN;
INTERSTATE ENERGY; TRIPLE M,
L.L.C.,

          Plaintiffs - Appellees,

    v.

PT BANK NEGARA INDONESIA
(PERSERO), TBK,

          Defendant - Appellant,

    and

EKO BUDIWIYONO; FIRMANSYAH;
GATOT SISMOYO; RACHMAT
WIRIATMAJA; YOPIE LAMONGE;
MAX NIODE; LILLES HANDAYANI;
UTTI KARIAYAM; MUBARIK AS
DJATIMUDA; STEVE O.Z.
FINKEL-MINKIN, a/k/a Steve Finkel;
ROBERT MCKEE; FRED NEWCOMB;
NEWCOMB & COMPANY; NATIVE
AMERICAN REFINERY,

          Defendants.

No. 09-4052

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 2:06-CV-00109-DB-PMW)**

_____

Submitted on the briefs:[*]

Christopher Brady, Hollyer Brady LLP, New York, New York; Arthur B. Berger, Ray Quinney and Nebeker, P.C., Salt Lake City, Utah; and Orlee Goldfeld, Butzel Long, New York, New York, on the briefs for Appellant Pt. Bank Negara Indonesia (Persero) TBK.

E. Armistead Easterby, Williams Kherkher, Houston, Texas, on the briefs for Appellees Hansen, Interstate Energy, and Triple M, L.L.C.

---

Before **TACHA**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Under the Foreign Sovereign Immunities Act ("FSIA"), a foreign state is immune from suit in American courts unless a statutory exception to immunity applies. In this appeal, the primary dispute is whether defendant-appellant PT. Bank Negara Indonesia (Persero) TBK ("BNI") or any of its officers or employees in fact generated financial instruments assigned to plaintiffs-appellees Theodore Hansen, Interstate Energy Corporation, and Triple M, L.L.C., thus triggering the commercial-activity exception to sovereign immunity under the FSIA. The district court denied BNI's motion for judgment on the pleadings based on sovereign immunity, concluding that BNI had not carried its ultimate burden of

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

showing that the commercial-activity exception did not apply. In the same order, the district court also denied BNI's motion to stay discovery and ordered that appellees be entitled to conduct limited discovery on that issue. BNI appeals from the denial of sovereign immunity and also argues that the district court's discovery order on the sovereign immunity issue is unduly broad. As to the first issue, we have jurisdiction under 28 U.S.C. § 1291 and AFFIRM. We DISMISS the claim based on the discovery order for lack of jurisdiction.

## I. BACKGROUND

In 2003, Mr. Hansen entered into an agreement to sell various gas stations, convenience stores, and other real property to Native American Oil Refinery Company ("NARCO"). Pursuant to the agreement, NARCO agreed to pay a certain sum for the properties and assigned purported BNI bank guarantees worth $90 million to Mr. Hansen as collateral. Also at issue in this case are two standby letters of credit worth $25 million that BNI allegedly issued to Interstate Energy Corporation and a $3 million BNI bank guarantee that BNI allegedly issued to Triple M, L.L.C.

At some point, NARCO failed to pay under its agreement with Mr. Hansen and he, Interstate Energy Corporation, and Triple M, L.L.C. (hereinafter, "appellees") presented the BNI guarantees and letters of credit to BNI branches in New York, New York and Jakarta, Indonesia. BNI refused to honor any of the financial instruments on the grounds that they were fraudulent and not issued by

-3-

BNI or any of its employees. Appellees then filed this lawsuit against BNI.[1] BNI asserted its status as a foreign state, claimed immunity from suit under the FSIA, and filed a motion for judgment on the pleadings to dismiss for lack of subject matter jurisdiction.

In response to BNI's motion, appellees argued that BNI's issuance of and refusal to honor the financial instruments constituted commercial activity for which BNI is not entitled to immunity under the FSIA. To support their position, appellees presented affidavits and testimony from various people involved with appellees' attempt to redeem the purported BNI instruments. First, appellees presented an affidavit from Charles Hanna, an attorney and officer of Interstate Energy Corporation. In the affidavit, Mr. Hanna states that in 2005 and 2006 he presented the BNI guarantees and letters of credit to BNI's New York branch and was told that the instruments were fraudulent. Second, appellees presented the testimony of Robert McKee, the president of NARCO. Mr. McKee testified that he personally called BNI at a number he retrieved from their website and that he spoke with a man who identified himself as Dr. Firmansyah, a BNI employee. Mr. McKee further testified that Dr. Firmansyah confirmed NARCO's ability to use the BNI guarantees to pursue various financial opportunities and confirmed that the International Monetary Fund numbers listed on the face of the BNI

---

[1] Appellees also named other defendants in the suit, but they are not relevant to this appeal.

guarantees were legitimate.  Third, Mr. Hansen testified that he also contacted BNI and spoke with Dr. Firmansyah who confirmed the authenticity of the BNI guarantees.  Fourth, appellees presented the testimony of Mark McDougal, an attorney and part owner of Triple M, L.L.C.  Mr. McDougal provided testimony similar to that of Mr. McKee and Mr. Hansen, and he further stated that he could personally confirm the validity of the BNI letters of credit because he had successfully cashed in a BNI letter of credit in a prior transaction.  Finally, appellees presented the testimony of Quinn Jensen, a Merrill Lynch employee. Mr. Jensen testified that he contacted BNI's New York branch to inquire about a BNI letter of credit Mr. Hansen had provided to him for the purpose of conducting due diligence.  Mr. Jensen further testified that he read the guarantee number on the BNI letter of credit to a BNI employee who told him that the number was consistent with BNI guarantee numbers.

BNI maintained that all of the guarantees and letters of credit were fraudulent and not generated by BNI officers or employees.  Accordingly, BNI argued that the commercial activity exception could not apply to it because none of its officers or employees were actually involved in any of the alleged commercial activity.  In support of its position, BNI provided fifteen declarations from BNI employees and officers who were allegedly involved in the issuance of the guarantees and letters of credit.  Each declaration denied the authenticity of the instruments and stated unequivocally that the declarant did not participate in

-5-

the creation of any of the purported BNI guarantees or letters of credit.

The district court ultimately denied BNI's motion to dismiss and granted appellees' request for jurisdictional discovery. The court limited its discovery order to the issue of whether any BNI officers or employees conducted commercial activity that satisfies the commercial activity exception under the FSIA. BNI now appeals both the denial of its motion for judgment on the pleadings and the discovery order.

## II. DISCUSSION

A.    <u>Motion for Judgment on the Pleadings</u>

The FSIA provides the exclusive basis for obtaining jurisdiction over claims against a foreign state or its instrumentalities in the United States. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 611 (1992). "The denial of a claim to sovereign immunity is immediately appealable under the collateral order doctrine." *Southway v. Cent. Bank of Nigeria*, 198 F.3d 1210, 1214 (10th Cir. 1999) ("*Southway I*"). We review a district court's ultimate determination of its subject matter jurisdiction under the FSIA de novo, reviewing factual findings attendant to that ultimate determination for clear error. *Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 991 (10th Cir. 2007); *see also Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1272 (10th Cir. 2003) ("*Southway II*").

Courts apply a burden-shifting analysis to determine whether a foreign state or its instrumentality is immune under the FSIA. *Orient Mineral Co.*, 506 F.3d at

-6-

991. Under this analysis, once the defendant establishes that it is a foreign state entitled to immunity, the plaintiff bears the burden of production to make an initial showing that an FSIA exception to immunity applies. *Id.* If the plaintiff carries its initial burden, the defendant bears the ultimate burden of proving by a preponderance of the evidence that the claimed exception does not apply in the particular case. *Id.* at 991–92.

Appellees concede that BNI is a foreign state for the purposes of the FSIA; however, they argue that the FSIA's commercial activity exception applies in this case. Under the commercial activity exception:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
> (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). Appellees contend that the evidence they presented satisfies all three of the independent prongs of the commercial activity exception. Specifically, appellees argue that BNI's authentication and subsequent rejection of the guarantees and letters of credit in New York constitute both commercial activity carried on in the United States by a foreign state and acts performed in the United States in connection with commercial activity of a foreign state elsewhere. Furthermore, appellees contend that BNI's generation of the financial

-7-

instruments in Indonesia, its issuance of the instruments directly to parties in the United States, and its refusal to honor the instruments, which caused significant loss to appellees in the United States, constitute commercial acts outside the United States that caused a direct effect in the United States.

For its part, BNI does not challenge the legal significance of the alleged facts—i.e.,whether those facts, if true, would satisfy the commercial activity exception. Instead, BNI simply argues that, as a matter of fact, neither BNI nor any of its agents actually participated in the alleged commercial activity. Therefore, according to BNI, the commercial activity exception does not apply in this particular case, and the district court should have granted its motion to dismiss for lack of jurisdiction.

As discussed above, the evidence presented to the district court consisted of fifteen declarations from BNI employees and the testimony of appellees and Mr. Jensen. The BNI declarations all dispute the authenticity of the BNI guarantees and letters of credit and all deny any BNI participation in the generation of those instruments. On the other hand, the evidence presented by appellees suggests that BNI employees were involved with the generation of the financial instruments and at the very least authenticated and then subsequently rejected them. Thus, the district court was presented with minimal and primarily self-serving evidence from both BNI and appellees. On this record and at this early stage in the litigation, the district court's finding that BNI did not show by a preponderance of

the evidence that none of its officers or employees actually participated in the alleged commercial activity was not clearly erroneous. Accordingly, it did not err in denying BNI's motion for judgment on the pleadings.

B.     Discovery Order

The immunity provided under the FSIA protects foreign sovereigns from all the burdens of litigation, including the general burden of responding to discovery requests. *See Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (recognizing that foreign sovereigns possess a "legitimate claim to immunity from discovery"); *see also Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000) ("[T]he sovereign has an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits"). When, however, there is a factual question regarding a foreign sovereign's entitlement to immunity, and thus a factual question regarding a district court's jurisdiction, the district court "must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Phoenix Consulting, Inc.*, 216 F.3d at 40. Thus, there is a "tension between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *Arriba Ltd.*, 962 F.2d at 534. In light of this tension, other circuits have concluded that "[a]t the very least, discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to

an immunity determination." *Id.*; *see also EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007).

This is not to say, however, that a FSIA defendant may immediately appeal from a discovery order that it considers impermissibly broad. *See Kirkland v. St. Vrain Valley Sch. Dist. No. RE-1J*, 464 F.3d 1182, 1198 (10th Cir. 2006) ("This circuit has repeatedly held that discovery orders are not appealable under the *Cohen* doctrine.") (quotations omitted); *see also McKesson Corp. v. Islamic Rep. of Iran*, 52 F.3d 346, 353 (D.C. Cir. 1995) (rejecting suggestion that appellate jurisdiction over a district court's denial of a motion to dismiss on FSIA immunity grounds necessarily extends to a subsequent discovery order). In the qualified immunity context, for example, we have held that discovery orders "which are narrowly tailored to uncover only those facts needed to rule on the immunity claim" are not immediately appealable because they do not subject the defendant to the burdensome pretrial discovery that qualified immunity protects against. *See Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 282–83 (10th Cir. 1989) ("[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad"). Given that FSIA sovereign immunity affords defendants the same pre-trial protection against broad discovery that is unrelated to the question of immunity to defendants, *see Arriba Ltd.*, 962 F.2d at 534, we find the *Maxey* rule equally applicable in the FSIA context. *See id.* at 534 (stating that the tension between

-10-

allowing plaintiffs to discover jurisdictional facts and ensuring that immune foreign sovereigns are not subject to discovery orders that undermine their immunities, "is not unlike that attendant to claims that challenge domestic government officials' qualified immunity from suit"). Accordingly, we have jurisdiction to consider BNI's claim only if the district court's order did not adequately limit permissible discovery to the question of BNI's immunity. *See Maxey*, 890 F.2d at 283.

As discussed above, BNI's claim of immunity turns solely on the factual question of whether BNI officers or employees were actually involved in the commercial activity alleged by appellees. The district court ordered that appellees "shall be entitled to conduct limited jurisdictional discovery on whether [BNI], or its officials, conducted commercial activity that satisfies the commercial activity exception under the [FSIA]." *Hansen v. Native Am. Refinery Co., et al.*, No. 2:06-CV-109 (D. Utah Aug. 24, 2009) (order denying BNI's motion for judgment on the pleadings and granting in part and denying in part appellees' motion to stay discovery). Furthermore, at the hearing on BNI's motion for judgment on the pleadings, the district court assured BNI that "[i]f the discovery gets to a point where you feel that it is unnecessarily burdensome, I will entertain a motion to limit it appropriately." Thus, the record reflects that the district court narrowly tailored its discovery order to the precise jurisdictional fact question presented. Accordingly, we do not have jurisdiction to consider

BNI's appeal of the order.  *See Maxey*, 890 F.2d at 282–84.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order denying BNI's motion for judgment on the pleadings based on sovereign immunity.  We DISMISS for lack of jurisdiction BNI's appeal of the court's jurisdictional discovery order.