FILED
United States Court of Appeals
Tenth Circuit

June 1, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEITH FINN,

    Plaintiff - Appellant,

v.

GREAT PLAINS LENDING, LLC,

    Specially-Appearing
    Defendant - Appellee.

No. 16-6348
(D.C. No. 5:16-CV-00415-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

The district court dismissed Keith Finn's lawsuit against Great Plains Lending, LLC, based on tribal sovereign immunity.  Finn appeals, contending that the district court should have granted his request for limited discovery into matters relevant to immunity.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the judgment and remand for further proceedings.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Great Plains is a limited liability company formed by the Otoe-Missouria Tribe of Indians, a federally recognized tribe. Great Plains offers short-term loans at high interest rates. After the company made numerous automated calls to Finn's cell phone, he sued under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Great Plains filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), asserting that it was entitled to tribal sovereign immunity. Finn argued that sovereign immunity should not protect Great Plains because the company is actually controlled by and exists for the benefit of a non-tribal entity, Think Finance, Inc. He requested limited jurisdictional discovery to substantiate this claim. The district court dismissed based on tribal sovereign immunity and denied Finn's request for jurisdictional discovery. Finn appeals.

## II

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). "Tribal immunity extends to subdivisions of a tribe, and even bars suits arising from a tribe's commercial activities." Native Am. Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1292 (10th Cir. 2008); see also Michigan v. Bay Mills Indian Cmty., 134 S. Ct. 2024, 2036-39 (2014) (declining to limit tribal immunity for off-reservation commercial activities). Tribal immunity is a jurisdictional issue. Bonnet v. Harvest (U.S.) Holdings, Inc., 741 F.3d 1155, 1158 (10th Cir. 2014).

Finn appeals the district court's denial of his request for limited jurisdictional discovery. "[I]mmunity entitles a [sovereign] not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." Univ. of Tex. at Austin v. Vratil, 96 F.3d 1337, 1340 (10th Cir. 1996). Nevertheless, we have held that "[w]hen . . . there is a factual question regarding a . . . sovereign's entitlement to immunity, and thus a factual question regarding a district court's jurisdiction, the district court must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." Hansen v. PT Bank Negara Indon. (Persero), TBK, 601 F.3d 1059, 1063-64 (10th Cir. 2010) (quotation omitted).

As with other types of discovery, district courts possess discretion to permit jurisdictional discovery. See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002). We review the denial of such discovery for abuse of discretion. Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1189 (10th Cir. 2010). "[A] refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Sizova, 282 F.3d at 1326 (citations and quotations omitted); see also Breakthrough Mgmt. Grp., 629 F.3d at 1189. It is Finn's burden, as the party seeking discovery, to demonstrate his entitlement to jurisdictional discovery and the resulting prejudice from its denial. Breakthrough Mgmt. Grp., 629 F.3d at 1189 n.11.

3

To determine whether a tribal entity is entitled to immunity, we consider the following factors: (1) the method of the entity's creation; (2) the entity's purpose; (3) the entity's "structure, ownership, and management, including the amount of control the Tribe has over the entit[y]"; (4) "whether the Tribe intended for [the entity] to have tribal sovereign immunity"; (5) the financial relationship between the Tribe and the entity; and (6) "whether the purposes of tribal sovereign immunity are served by granting [the entity] immunity." Id. at 1191. Finn argues that evidence produced from limited discovery could support his allegations regarding Think Finance's effective control of Great Plains, affecting the analysis of factors 2, 3, 5, and 6.

We conclude that a more satisfactory showing regarding the actual workings of Great Plains and its financial relationship with the Tribe is necessary for a thorough consideration of the Breakthrough factors. Finn's allegations are specific and plausible. They are also supported by several pieces of circumstantial evidence, including website screenshots listing Great Plains as a Think Finance product, media reports, and judicial pleadings in a different case against Think Finance. In that case, Pennsylvania's Attorney General alleged that Think Finance contracted with three tribe-created payday lending companies, including Great Plains, to evade Pennsylvania's cap on interest rates and that the tribes received less than 5% of the profits generated. Additionally, unlike in Breakthrough, 629 F.3d at 1189-90, in which we affirmed the denial of jurisdictional discovery, Finn specifies which

4

documents he would have sought in discovery and describes their relevance to the immunity analysis.

Further, a recent California Supreme Court decision illustrates the potential importance of jurisdictional discovery in sovereign immunity cases involving tribe-created payday loan companies. In People ex rel. Owen v. Miami Nation Enters., 386 P.3d 357 (Cal. 2016), the California Supreme Court adopted the first five Breakthrough factors, and applying that test, denied immunity to two tribe-created payday loan companies. Id. at 371-73, 375. The court "[took] into account both formal and functional considerations—in other words, not only the legal or organizational relationship between the tribe and the entity, but also the practical operation of the entity in relation to the tribe." Id. at 365. In this regard, the court noted that "the purpose factor considers the extent to which the entity actually promotes tribal self-governance; the control factor examines the degree to which the tribe actually, not just nominally, directs the entity's activities; and the financial relationship factor considers the degree to which the entity's liability could impact the tribe's revenue." Id. at 371. As the court recognized, "organizational arrangements on paper do not necessarily illuminate how businesses operate in practice." Id. at 375.

The district court in this case largely relied on such formal arrangements as set forth in Great Plains' organizational paperwork to hold that tribal sovereign immunity applied. The court recognized that a contract detailing the profit ratio between Think Finance and Great Plains could be material to its decision, but it

5

denied Finn the opportunity to obtain any such document. Thus, practically speaking, Finn has no way to secure evidence to verify—or disprove—his belief about Great Plains' lack of tribal control or benefit without engaging in the jurisdictional discovery that the district court disallowed. See Ignatiev v. United States, 238 F.3d 464, 467 (D.C. Cir. 2001) (holding that the district court erred in denying limited jurisdictional discovery because although plaintiff suspected the existence of policies relevant to sovereign immunity, he had no way to know if such policies actually existed absent discovery).

Under these circumstances, we conclude that there is a "need for further factual development" regarding Great Plains' actual operation. Sizova, 282 F.3d at 1328. Of course, "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination," and a discovery order should be "narrowly tailored . . . to the precise jurisdictional fact question presented." Hansen, 601 F.3d at 1064 (quotations omitted).

### III

The district court's judgment is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this decision.

Entered for the Court

Carlos F. Lucero
Circuit Judge